## DAVIS v. PETROLEUM CASUALTY CO.
### No. 2977.

Court of Civil Appeals of Texas. El Paso.
April 5, 1934.

G. W. Dunaway, of Midland, for appellant.
Knox W. Gilmore, of Houston, for appellee.

WALTHALL, Justice.

This is a compensation case under the Workmen's Compensation Law of this state.

The facts alleged and shown on the hearing pertinent to the one question to be decided here and the action of the trial court thereon are as follows:

Appellant, Ralph Davis, brought this suit in the district court of Winkler county against appellee, Petroleum Casualty Company, to set aside an award of the Industrial Accident Board.

On the 16th day of October, 1931, Ralph Davis, while in the course of his employment and in the discharge of his duties as an employee of the Humble Oil & Refining Company, received the injuries complained of in the state of New Mexico.

In his petition appellant alleged that his contract of hiring took place in Winkler county, Tex.

Appellee, Petroleum Casualty Company, filed its verified plea in abatement on the ground that the district court of Winkler county was without jurisdiction to try the case, for the reason that the contract of hiring was not made in Winkler county, Tex., but was made in Pecos county, Tex., and that none of the other provisions of the statute with reference to the residence of appellant and the appellee prevail to give the district court of Winkler county jurisdiction of the suit, and prayed that the suit be dismissed and that appellee go hence without day and recover its costs.

The trial court heard evidence on the plea, and in the judgment states and so found that the contract of hiring took place in Pecos county, Tex., and for that reason the district court of Winkler county was without jurisdiction.

The court further said in the judgment that "under and by virtue of the authority of article 8307a and article 8306, Section 19, (the court) transfers said case to the District Court of Pecos County * * * for further procedure." Appellant excepted to that portion of the court's order transferring the case to Pecos county.

The case was transferred to the district court of Pecos county. In the Pecos county district court appellee filed its plea to the jurisdiction of the court on the ground that the Winkler county district court had no authority to do other than dismiss said case for want of jurisdiction, and for that reason

the Pecos county district court was without jurisdiction.

The district court of Pecos county sustained the plea and dismissed the case, to which appellant excepted and duly prosecutes this appeal.

#### Opinion.

Appellant submits that the court erred in sustaining the plea to the jurisdiction and dismissing the cause for the reasons:

First. The papers were all on file in the district court of Pecos county, in which county the cause could properly be tried, and the authority of the district court of Winkler county to transfer the case to Pecos county could not be inquired into, the order transferring the case while excepted to, no appeal was prosecuted therefrom.

Second. It was the duty of the district court of Winkler county under article 8307a, Revised Statutes (as added by Acts 1931, c. 208, § 1 [Vernon's Ann. Civ. St. art. 8307a]), to transfer the cause to Pecos county.

Third. Section 19 of article 8306, as amended by the Acts of the Forty-Second Legislature, c. 90, § 1 (Vernon's Ann. Civ. St. art. 8309, § 19), became purely a venue statute and is not jurisdictional.

It is clear that the Winkler county district court had no jurisdiction to try the case, and, unless the statute applicable to the facts of the case gave that court authority to transfer the case to the Pecos county district court, the fact that the court did so transfer the case and the papers of the case were transferred and filed in the Pecos county district court, and the further fact that the district court of Pecos county was the proper court in which to try the case, would not, we think, cause jurisdiction to attach to that court. If the Winkler county district court had no jurisdiction to try the case, and had no authority under the statute to transfer the case, what was done therein other than to dismiss the case was necessarily void, for the reason that judicial action without jurisdiction is void. Cleveland et al. v. Ward, 116 Tex. 1, 285 S. W. 1063, 1071, par. 16.

The order transferring the case, if done without authority, was not such final order or adjudication of the case from which an appeal would lie.

The only article of the statute having application to the facts of this case as presented here is subsection 1, section 19, article 8306, as amended by the Acts 1931, 42d Legislature, page 133, c. 90 (Vernon's Ann. Civ.

St. art. 8306, § 19, subsec. 1). It reads as follows:

"Sec. 19. (Sec. 1) If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5–5(a), shall be brought either

"a. In the county of Texas where the contract of hiring was made; or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect."

The appellant did not bring the suit in either of said counties named in the above-quoted article of the statute. The district court of Winkler county, in transferring the case to Pecos county, evidently did so with the idea that the provision of the statute as to the situs of the suit was one of venue rather than of jurisdiction, and appellant so argues it here.

In Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1088, our Supreme Court holds that suits arising out of the Workmen's Compensation Law being a derogation of the common law, the rights to be enforced and all of the remedies provided therefor are purely statutory, and the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable; that, as to the county where the suit to set aside an award may be brought, the statute is clearly mandatory; that the venue provision in the statute to set aside an award is jurisdictional; and that, the statute having provided that such suit could be brought in the county designated for the bringing of such suit, "the statute necessarily means the suit cannot be instituted in any other county."

The court in the Mingus v. Wadley Case, having definitely determined that the

venue provision of the statute as to where the suit shall be brought to set aside an award of the Industrial Accident Board is jurisdictional, it necessarily follows that a suit brought in a county not designated in the statute gives the court no jurisdiction, when jurisdiction is properly challenged, to do otherwise than dismiss the case, unless the statute itself, applicable to the particular state of facts, provides otherwise. The statute under which this suit is brought does not give the court in which the suit is improperly brought the right to transfer the case and by so doing give the jurisdiction to some other court; especially would that follow where the statute in this character of case provides that "the suit * * * shall be brought" in some one of the counties named. Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195; Terrell v. Alpha Petroleum Co. (Tex. Civ. App.) 54 S. W.(2d) 821, 827.

As we view it, to order the transfer of the case from Winkler county to Pecos county would be judicial action without jurisdiction, and therefore void.

The case is affirmed.