**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Fred NARDMAN, Appellee.**

**No. 5609.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 8, 1964.

Rehearing Denied Feb. 19, 1964.

McDonald, Shafer, Gilliland & Davis, Odessa, Touchstone, Bernays & Johnstone, Dallas, for appellant.

Warren Burnett, Lee Arnett, Odessa, for appellee.

CLAYTON, Justice.

Appellee sued appellant under the terms of the Texas Workmen's Compensation Act to set aside an award of the Texas Industrial Accident Board for injuries allegedly incurred in Argentina, South America. Suit was brought in Ector County, Texas, the residence of appellee, and appellant filed its original and amended plea of privilege to be sued in Dallas County, the county of its residence. An original and amended controverting plea were filed by appellee alleging that venue properly lay in Ector County under the provisions of Texas Rev.Civ.St. Article 1995, section 30 of the venue statute; and Articles 8306, section 19 and 8307, sections 5 and 5a, Workmen's Compensation Act. In the hearing on the plea of privilege no testimony was offered, the matter being submitted to the court on the pleadings. The plea of privilege was overruled, from which order of the court this appeal is taken.

Section 30 of Article 1995, T.R.C.S., provides:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 8306, Sec. 19, T.R.C.S., Workmen's Compensation Act, relied upon by

appellee as a special venue statute, provides:

"Art. 8306, sec. 19. Injuries sustained outside state; venue

"Sec. 19. If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5–5a, shall be brought either

"a. In the county of Texas where the contract of hiring was made; or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

Appellee, in his amended petition and controverting plea, alleged that he was an employee who had been hired in this State and who sustained an injury in the course of his employment outside of Texas within the meaning of Article 8306, Sec. 19; that this was a suit to set aside an award of the Industrial Accident Board as mentioned in Article 8307, Sections 5–5a and was brought in Ector County where he was a resident at the time the contract of hiring was made and at the time of bringing the suit; and that the alleged injury was sustained within one year from the time he left the State of Texas and that he had not elected to pursue his remedy and had not recovered outside the State and where the injury occurred. But appellee did not allege or swear that he occupied the status of a "Texas employee" as that term has been employed in Texas cases, before leaving the State. Nor would such an allegation in the appellee's petition or controverting plea, in the absence of proof, have been effectual either to establish venue or his right to recover under the provisions of the statutes above mentioned. Sections 154 and 155, 43–B, Tex.Jur., Venue, provides:

"§ 154. Petition and Controverting Plea as Showing Venue Facts.—* * * on hearing the issue as to venue, neither the controverting plea, nor the petition will be considered as evidence of the facts therein alleged to show that the case constitutes one of the exceptions mentioned in the venue statute.

"All such matters of fact must be provided by affirmative evidence on the hearing of the plea of privilege, and neither the allegations in the petition nor those of the controverting plea may be considered as evidence of the truth thereof. Indeed, the controverting plea is not proof of anything; it merely entitles the plaintiff to make proof of the facts therein alleged.

"§ 155. Burden of proof.—A plea of privilege in the prescribed form is prima facie proof of the defendant's right to a change of venue. It is then incumbent on the plaintiff having filed the proper controverting plea, to establish by competent evidence all facts

essential to maintenance of the action in the county where it is brought. In other words, upon the plaintiff rests the burden of proving by a preponderance of the evidence that the case is within one or more of the exceptions mentioned in the venue statute * * *

"The plaintiff's controverting plea has no greater effect than to put in issue the facts alleged in the plea of privilege, which will still prevail until overcome by evidence adduced upon a hearing. And the plea of privilege must be sustained if no evidence is introduced to show the truth of the allegations in the controverting plea."

And the Texas Supreme Court, in a 1940 decision, holds:

"Under the plain provisions of Section 19 of Article 8306, supra, as interpreted and construed in the two cases above mentioned, before an employee injured outside the territorial limits of this state can recover for such injury under our compensation statutes, *he must prove* that, at the time of such injury, he occupied the status of a Texas employee incidentally or temporarily sent out of the state to perform labor or services. The phrase, 'who has been hired in this State,' has no reference to the place where the contract of hiring took place. The test is: What was the status of the employee at the time of injury with regard to being a Texas employee? If, at such time, he occupied the status of a Texas employee, he is entitled to protection under our Compensation Statutes, even though he was working out of the state. On the other hand, if the employee is hired or contracted with in this state to go out of this state to perform labor or services, he cannot claim protection under our Compensation Law merely because the contract was made or entered into in this state. Also, if a person is hired to work in this state,—that is, if, under the contract of hiring, such person becomes a Texas employee in the sense that it is contemplated that his services are to be rendered in this state, such employee is protected by our Compensation Law, even though he is first sent incidentally or temporarily out of the state to perform labor or services, and the mere fact that such employee performs his first services out of this state will not defeat his right to protection under our compensation statutes. In any event, before the statute under consideration can be applied in favor of an employee injured out of this state, *it must be shown* that he occupied the status of a Texas employee before leaving the state. Also, it must be further shown that while occupying such status he was incidentally or temporarily sent out of the state by the Texas employer to perform labor or services for such employer." (Emphasis supplied). Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590.

No such proof as is required by the above authorities was presented by appellee.

Because the appellee failed to establish his cause under the statutes and cases above listed, appellant's first three points of error, directed to this deficiency, are hereby upheld, and the ruling of the trial court must therefore be reversed. However, since the matter of appellee's status as an employee might be more fully developed in a new trial, this case is remanded to the trial court. In view of this disposition of the cause, the question of proof that the Industrial Accident Board had made a final award under a policy of Workmen's Compensation insurance issued to the employer to cover the injury allegedly incurred in Argentina (as raised in appellant's fourth and fifth points of error) may be disposed of at a subsequent trial.

Reversed and remanded.

**894**

## ON MOTION FOR REHEARING

Appellee's motions for rehearing herein and his brief in support thereof attack the findings of this court in its original opinion. Finding no new points of error urged by appellee in his motions and brief, the motions are hereby overruled.

Appellant filed its answer to appellee's motions for rehearing and in turn filed its own motion for rehearing. The latter rests upon a single point of error: that this court erred in remanding this cause to the trial court for rehearing on appellant's plea of privilege.

 In our original opinion this court pointed out that in the hearing on the plea of privilege in the trial court no testimony was offered, the matter being submitted to the trial court on the pleadings, which included appellee's original and amended controverting plea. This court then quoted from sections 154 and 155, 43-B, Tex.Jur., Venue:

> "The plaintiff's controverting plea has no greater effect than to put in issue the facts alleged in the plea of privilege, which will still prevail until overcome by evidence adduced upon a hearing. And the plea of privilege must be sustained if no evidence is introduced to show the truth of the allegations in the controverting plea."

No evidence having been introduced or even offered by appellee to show the truth of the allegations in appellee's controverting plea, this court was in error in remanding said cause to the trial court for further hearing on the plea of privilege. Appellant's motion for rehearing is therefore granted and the last paragraph of this court's original opinion is hereby reformed so as to approve appellant's first three points of error on appeal, to reverse the ruling of the trial court, to sustain the plea of privilege and to remand this cause to the trial court with instructions to transfer this cause to the appropriate court in Dallas County, the county of appellant's residence, as prayed for in said plea of privilege.

Reversed and remanded with instructions.