**Irene L. Hendrickson HEDTKE et al., Appellants,**

**v.**

**TRANSPORT INSURANCE COMPANY, Appellee.**

**No. 14283.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 7, 1964.

Rehearing Denied Nov. 4, 1964.

Perkins, Floyd, Davis & Oden, Alice, for appellants.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellee.

MURRAY, Chief Justice.

This is a Workmen's Compensation case. Heldt Bros. Trucks was the employer, Frank V. Hendrickson, deceased, the fatal-

ly injured employee, and Transport Insurance Company, the carrier of the Workmen's Compensation insurance.

An appeal from the award of the State Industrial Accident Board was taken by Irene L. Hendrickson Hedtke, the wife of Frank Hendrickson at the time of his drowning, in her individual capacity and as guardian of her minor daughter, to the District Court of Zapata County, alleging, among other things, that on October 14, 1961, Frank V. Hendrickson was accidentally drowned in Zapata County. Art. 8307, § 5, Vernon's Ann.Civ.Stats. Transport Insurance Company challenged the jurisdiction of the District Court of Zapata County on the ground that Hendrickson was not drowned in Zapata County.

The trial court, after hearing evidence, sustained the plea to the venue and jurisdiction and dismissed the cause, from which action Mrs. Hedtke has prosecuted this appeal.

Appellants offered in evidence the death certificate of Frank V. Hendrickson which showed on its face that he accidentally drowned when a fishing boat capsized on Falcon Lake in Precinct 1, Zapata County, Texas. It was signed by Rene L. Garza, local Registrar, and shows on its face that it was based upon information furnished to him by Mrs. Hendrickson (now Mrs. Hedtke). It was not certified by the State Registrar, and was excluded by the trial court. The court's action in excluding this death certificate is assigned as error by appellants, Mrs. Hedtke and her minor daughter.

■ It was pointed out in oral argument that appellee had agreed not to object to the introduction of the death certificate on the ground that it was not certified by the State Registrar of Vital Statistics. Under such circumstances, if the trial court had admitted the certificate in evidence, appellee would not have been in a position to assign such action as error, but this agreement does not change the fact that the death certificate was not certified by the State Registrar.

■ Art. 4477, Rule 54a, Vernon's Ann. Civ.Stats., which relates to records of the State Department of Health, reads in part as follows: "And any such copy of a record, when properly certified by the State Registrar, shall be prima facie evidence in all courts and places of the facts therein stated." The certificate herein was not certified by the State Registrar and therefore was not prima facie evidence of the facts stated therein. This certificate shows on its face that it was made by the local Registrar upon information furnished by Mrs. Hedtke, and unless made admissible by the provisions of Rule 54a, supra, it was clearly not prima facie proof of the facts stated therein. As we shall hereafter point out, it is highly improbable that Mrs. Hedtke had any personal knowledge as to where her former husband was accidentally drowned. The trial court did not err in excluding this uncertified certificate.

The only witness to testify was C. M. Hein, the Sheriff of Zapata County, who was offered by appellants. He testified that Hendrickson, Tom Neal and Speedy Lewis were out on Lake Zapata (Falcon) in a fishing boat, when it capsized, drowning Hendrickson. Neal and Lewis survived. Hein talked with Neal and Lewis but neither of them knew whether they were on the Texas side of the lake or the Mexico side at the time of the accident. No one was in the boat at the time except those three men. Hendrickson's body was found three days after the drowning on the Mexico side of the lake, some four to six hundred yards from the boundary line. Thus it appears that no one knows and no one will ever know whether Hendrickson was drowned in Texas or in Mexico. It is apparent that Mrs. Hedtke was not present when her then husband drowned, and does not know of her own knowledge on which side of the lake he was drowned. The Justice of the Peace did not see Hendrickson's body until three days after the drowning, and therefore did not know of his own knowledge where it occurred.

The evidence shows that the information in the death certificate was based upon hearsay, and the trial court did not err in disregarding it. Armstrong v. Employers Casualty Co., Tex.Civ.App., 357 S.W.2d 168; Texas Reserve Life Ins. Co. v. Dees, Tex.Civ.App., 368 S.W.2d 886.

Appellants contend that in any event the court should have transferred this cause to a proper court in the proper county, under the provisions of Art. 8307a, Vernon's Ann.Civ.Stats. We do not agree. This suit was brought in Zapata County under the provisions of Sec. 5, Art. 8307, Vernon's Ann.Civ.Stats., and having failed to establish that the accidental drowning occurred in the State of Texas, appellants were not entitled to have the cause transferred to another county within the State under the provisions of Art. 8307a, reading as follows:

"Art. 8307a.   Suit to set aside decision of Industrial Accident Board; transfer to county where injury occurred

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court."

The evidence here does not show that the accidental injury occurred in any county within this State to which the court could have transferred the case.

Appellants further contend that under the provisions of Sec. 19, Art. 8306, Vernon's Ann.Civ.Stats., and Art. 8307a, supra, the court erred in not transferring the cause to a proper county provided for in said Sec. 19, supra. The allegations and the evidence would have to be quite different to establish this suit under such section. Texas Employers Ins. Ass'n v. Miller, Tex.Civ. App., 370 S.W.2d 12; Jordan v. Standard Acc. Ins. Co., Tex.Civ.App., 339 S.W.2d 267; Traders & General Ins. Co. v. Collins, Tex.Civ.App., 321 S.W.2d 178. Even if there had been an alternative plea under Sec. 19, supra, and the proof had been sufficient, there would have been no authority for a transfer of the cause to another county. This very question was passed upon in Davis v. Petroleum Casualty Co., Tex.Civ. App., 70 S.W.2d 649. The Court held, in effect, that Art. 8307a does not apply to cases brought under the provisions of Sec. 19, Art. 8306, supra.

Aside from all of this, the burden of proof was upon appellants to show by a preponderance of the evidence that the accidental drowning occurred in Zapata County, and this they did not do. Therefore, under the provisions of Sec. 5, Art. 8307, supra, appellants failed to show jurisdiction in Zapata County, and even if the evidence was sufficient to raise a fact issue, it has been resolved by the trial court against appellants.

The burden of proof was upon appellants to show by a preponderance of the evidence that Hendrickson was accidentally drowned in Zapata County, in order to show venue and jurisdiction of the District Court of Zapata County. 56 Am.Jur. p. 41, Sec. 37; Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223.

The evidence in this case fails to show that Hendrickson drowned in Zapata County. It probably is sufficient to show that he drowned either in Zapata County or in the Republic of Mexico, but it does not show in which jurisdiction he did in fact drown. A finding that he drowned in Zapata County would necessarily be based on a guess or conjecture, and a finding cannot be based upon either. National Aid Life Ass'n v. Driskill, Tex.Civ.App., 138 S.W.2d 238; Shapleigh v. United Farms Co., 5 Cir., 100 F.2d 287; Texas Co. v. Hood, 5 Cir., 161 F.2d 650.

Therefore, the trial court did not have jurisdiction to try the cause and could not transfer it to any other county within the State, because there is no evidence that the injury occurred in any other County of the State.

The trial court could properly do nothing but dismiss the cause, and the judgment is affirmed.