**TEXAS EMPLOYERS' INSURANCE ASSO-CIATION, Appellant,**

v.

**Richard THOMAS, Appellee.**

**No. 16821.**

Court of Civil Appeals of Texas.

Fort Worth.

April 14, 1967.

Rehearing Denied May 19, 1967.

Nelson & Sherrod, and David A. Smith, Wichita Falls, for appellant.

Peery, Wilson & Jameson, and Don B. Morgan, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

The plaintiff Thomas sued Texas Employers' Insurance Association in Wichita County for benefits under the Workmen's Compensation Law. He alleged he had complied with all jurisdictional requirements.

Defendant filed a plea of privilege to be sued in Dallas County.

Plaintiff claimed venue in Wichita County under the provisions of Art. 8306, Sec. 19, Vernon's Ann.Tex.Civ.St.

The plea of privilege was overruled.

Defendant on appeal contends the plaintiff failed to prove that his injury was sustained in the course of his employment.

Plaintiff was employed in Wichita County, Texas by Johnston Grain Company, Inc., to drive trucks in and out of Texas. On May 21, 1966, while driving his employer's truck on a return trip from Kansas, he was injured. About ten miles north of Wellington, Kansas, he saw a car that had had an accident. He testified, "They had the highway blocked * * * the guy hit the bridge and came over there on my intersection." The car was a 1956 Chevrolet. "* * * when I got up there, there was a car had the highway blocked." It was the car that had hit the bridge. Plaintiff pulled off the highway and put on his blinkers. He got out of the truck and went to the car to see if anyone was hurt. A man in the back seat seemed "hurt pretty bad." Plaintiff returned to his truck for a flashlight. When he returned with the flashlight two of the men from the wrecked car asked for use of his flashlight for the purpose of looking for a billfold. While they were looking for the billfold plaintiff and another truck driver went to the car and looked at the boy in the car. He seemed to be "okay" so "we went up there to see if we could help them find it, and when we got up there I slipped and fell off the bridge," a distance of 42 feet. The

billfold belonged to one of the boys that was in the wreck. He testified again, "* * * I gave them the flashlight when I went back over to see if that other guy was hurt."

It is obvious from the evidence that the flashlight had not been returned to plaintiff when he fell off the bridge.

We do not find a Texas case close in point on the facts. Defendant contends, however, Borel v. United States Casualty Company, 233 F.2d 385 (5th Cir., 1956), and Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238 (1942), preclude recovery for plaintiff in this suit. We disagree.

We think the fact situations in those cases distinguish them from the instant case. In those cases there was no "emergency" and no one in "distress."

In the case at bar there was an emergency in that the road was "blocked." Some one was in distress since three men were in a wrecked car and one of them was "hurt pretty bad." Plaintiff testified twice that the road was blocked by the wrecked car. There was no evidence that the road was still blocked when plaintiff fell off the bridge, but the trial court, under the evidence before him, could believe that the road was still blocked and that plaintiff could not have proceeded in the truck if he tried.

The remedial statutes in the Workmen's Compensation Law should be liberally construed with a view to accomplish its purpose and to promote justice. Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402 (1922). They are given a broad and liberal construction by the courts in order that the humane purpose of their enactment may be realized. Hartford Accident & Indemnity Co. v. Frye, 55 S.W. 2d 1092 (Tex.Civ.App., 1932, writ dism.).

In Shelton v. Standard Insurance Company, 389 S.W.2d 290 (Tex.Sup., 1965),

Justice Walker speaking for the Court stated: "The problem in each case is to determine whether the relationship between the travel and the employment is so close that it can fairly be said that the injury had to do with and originated in the work, business, trade or profession of the employer."

In the same case Justice Walker points out that in determining "scope of employment" the Workmen's Compensation Act must be given a liberal construction to carry out its evident purpose and quoted from the Behnken case, " 'An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business.' "

In the Shelton case the employee, traveling from Abilene to Kansas, registered at a motel in Dallas for the purpose of spending the night. While walking across a street enroute to a cafe he was struck by an automobile. The Supreme Court concluded its opinion by holding "Petitioner's trip to Dallas clearly was not made in furtherance of any of his personal or private affairs, and his only purpose in crossing the street was to obtain food. Once it is determined that the accomplishment of this purpose was one of the incidents of his employment, we think it necessarily follows that the trip across the street was also made to further the business of the employer rather than petitioner's personal or private affairs."

■ In the instant case plaintiff's trip was not in furtherance of any of his personal or private affairs.

The evidence was such that the trial court could find that plaintiff stopped because the road was blocked and because of his desire to assist any one who might have been injured in the wrecked car. His help in looking for the billfold was, in our opinion, a continuing part of clearing the road so he could proceed with his employer's business. At least, under the record, the trial court could so find.

■ A servant does not cease to be in the course of his employment merely because he is not actually engaged in doing what is specially prescribed to him, if in the course of his employment an emergency arises, and, without deserting his employment, he does what he thinks necessary for the purpose of advancing the work in which he is engaged in the interest of his employer. United States Casualty Co. v. Hampton, 293 S.W. 260 (Tex.Civ.App., 1927, no writ hist.). In Hartford Accident & Indemnity Co. v. Frye, supra, the Supreme Court held, " * * * a causal relation was established between the injury and the employment, and the appellee did what he might reasonably do under his employment."

In our opinion the plaintiff in the instant case did what was reasonable and what his employer would have expected him to do under the circumstances as set out in the record. See 62 Tex.Jur.2d 701, § 117.

In a somewhat similar fact situation the Supreme Court of Illinois in Puttkammer v. Industrial Commission, 371 Ill. 497, 21 N.E.2d 575, after discussing a number of decisions, held: "These decisions indicate that there is no break in the employment where the thing done was natural and foreseeable. Whether Puttkammer went to see whether he could pass the damaged automobiles safely or to lend aid to the injured child he was carrying when struck and killed, both acts were foreseeable and it is immaterial whether they were foreseen or not. His injury and death arose out of and in the course of his employment." See 99 C.J.S. Workmen's Compensation § 257(2), pp. 889–890.

■ The plaintiff, for venue purposes, presented a prima facie case of injury while in the course of his employment.

Affirmed.