TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

Robert Thomas ELLIS, Appellee.

No. 6538.

Court of Civil Appeals of Texas,
El Paso.

Oct. 13, 1976.

Turpin, Smith & Dyer, L. Lloyd MacDonald, Midland, for appellant.

Warren Burnett, Associated, Wm. Ruff Ahders, Richard J. Clarkson, Odessa, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a plea of privilege case involving a workmen's compensation claim by a Texas employee injured outside of the State under the provisions of Article 8306, Section 19, Tex.Rev.Civ.Stat.Ann. The principal question discussed is whether a plea of privilege is a proper procedure in a case under that statute.

The claimant, Robert Thomas Ellis, filed suit in the District Court of Gaines County to set aside an award of the Industrial Accident Board. The basis of his suit was that he was a Texas employee and that he was hired in Texas to work in Texas and out of the State, and that while working in the State of New Mexico he was injured. The insurance carrier, Appellant herein, filed a plea of privilege which was overruled by the trial Court. We affirm that judgment.

At the outset, we are faced with the question of whether a plea of privilege is a proper procedure in a case brought under Article 8306, Section 19, or if the provisions of that statute are jurisdictional. The statute concerns itself with a Texas employee who is injured while working outside of the boundaries of the State of Texas. It prescribes that he shall be entitled to the rights and benefits as if injured within the State of Texas.

"* * * except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5–5a, shall be brought either

"a. In the county of Texas where the contract of hiring was made; or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect."

Prior cases are in conflict as to whether the statute's provisions are mandatory and jurisdictional or whether a plea of privilege would lie. If the provision as to the counties in which the suit may be brought are jurisdictional, then the proper test would be a plea to the jurisdiction. On the other hand, if it is a matter of venue, then a plea of privilege is the proper procedure. This Court, on three occasions, has held the statute not to be a venue statute, but jurisdictional. In *Davis v. Petroleum Casualty Co.*, 70 S.W.2d 649 (Tex.Civ.App.—El Paso 1934, no writ), it was held that there was no authority to transfer when it was discovered that suit was brought in a county other than that prescribed by the statute; the only action the Court could take was to dismiss the case for want of jurisdiction. Again, in a later case, this Court ruled that the statute was not merely one of venue, but its provisions were jurisdictional. *Baker v. Highway Ins. Underwriters*, 209 S.W.2d 979 (Tex.Civ.App.—El Paso 1947, writ ref'd. n. r. e.). It was there said that, if there had been a failure to prove the facts under a, b, or c above, the Court would have lost jurisdiction and could only dismiss the case. In *Texas Employers' Ins. Ass'n. v. Price*, 291 S.W. 287 (Tex.Civ.App. —1926), this Court dismissed the case because as the statute then existed no jurisdiction of any court was specified. The Legislature then amended Section 19 by adding the above provisions a, b, and c. The Commission of Appeals then ruled that the amendment conferred "exclusive jurisdiction in cases where an employee is injured outside of the state." Additionally, the opinion of the Commission of Appeals said that the employee could bring his suit in any court of competent jurisdiction subject to the insurer's privilege of insisting that same be tried in a court having venue thereof under our statutes. *Price v. Texas Employers' Ins. Ass'n.*, 296 S.W. 284 (Tex. Com.App.1927, jdgmt. adopted).

Contrary to the above cases, this Court and the Fort Worth Court of Civil Appeals have ruled on the venue brought under a plea of privilege without questioning the right of the insurance carrier to test venue

by the plea of privilege procedure. *Texas Employers' Insurance Association v. Nardman*, 376 S.W.2d 891 (Tex.Civ.App.—El Paso 1964, no writ), and *Texas Employers' Insurance Association v. Thomas*, 415 S.W.2d 18 (Tex.Civ.App.—Fort Worth 1967, no writ). The *Nardman* case has been rejected by the Beaumont Court of Civil Appeals in the case of *Commercial Standard Insurance Company v. Lester*, 481 S.W.2d 157 (Tex.Civ.App.—Beaumont 1972, no writ); that Court held that in a case brought under Article 8306, Section 19, for out of State injuries it was not proper to test venue by a plea of privilege; it construed the legislative intent to be that venue in such cases should be determined in a trial on the merits; and the authority for the Court's position was *Texas Employers' Ins. Ass'n. v. Ribble*, 260 S.W.2d 719 (Tex. Civ.App.—Eastland 1953, no writ). That case was not one brought under Article 8306, but rather under Article 8307a for an injury received within the State of Texas; Article 8307a provides that the appealing party shall "bring suit in the county where the injury occurred." Those Articles each have their own venue provisions, one dealing with injuries outside of the State and one dealing with injuries within the State, and neither has any application to the other. Each requires different pleadings and different proof of facts. *Hedtke v. Transport Insurance Company*, 383 S.W.2d 474 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.). We simply note in disagreeing with the Beaumont Court that Article 8307a and the many cases construing it have no application to this case. Obviously, there can be no "county of injury" in Texas when the injury occurred out of the State.

■ In addition to the general venue statute, Article 1995, there are many statutes particularly describing the place a case should be tried. Article 8306, Section 19, is such a statute. Some such statutes specify that cases may be brought only in particular counties or particular courts, others seem to provide mandatory venue, while still others are permissive as to venue. As to such statutes it is said:

" * * * Statutes permitting suits against the State, or authorizing special proceedings for the settlement of rights which exist wholly by virtue of statute rather than by virtue of the constitution or the common law, often fix the county wherein suit must be prosecuted, and such provisions are commonly treated as jurisdictional. Conceptually, however, any statute which lodges in the courts of a single county (named specifically or identified by a description applicable only to it) the exclusive power to try a certain type of case is jurisdictional, even though it be placed by the legislature in juxtaposition to true venue provisions or be referred to in its body as a venue statute."

1 McDonald, Texas Civil Practice, Venue, 4.02, 411 (1965). The interested reader will find a number of these statutes and their construction by the Courts set forth in *Gambill v. Town of Ponder*, 494 S.W.2d 808 (Tex.1973). In addition to the above statement of the law, we quote from the case of *Alpha Petroleum Co. v. Terrell*, 122 Tex. 257, 59 S.W.2d 364 (Tex.Com.App.) opinion adopted (122 Tex. 257, 59 S.W.2d 372) (1933):

" * * * In such a case where the statute, as this one does, provides that the suit *shall be filed in a particular court*, it demonstrates a conclusive legislative intent to designate such court as the only tribunal where such matter can be litigated, and, as said by our Supreme Court, speaking through Judge Cureton, in *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1088; 'In special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional.' " (Emphasis supplied)

At this point, we note that Article 8306, Section 19, does not give a particular court of a single county the exclusive power to try cases arising under it; it does not meet the test set forth in *Alpha* so as to demonstrate a conclusive legislative intent as to the only tribunal in which the matter can be litigated. While it uses the mandatory language "shall", yet it is permissive in allowing either party to choose the county.

Of course, if they do not choose a county, they can waive the provisions. This indicates venue rather than jurisdiction, for jurisdiction cannot be waived but venue can. Jurisdiction is the power of a court to proceed to trial and render judgment in a matter; venue is a privilege or right of a litigant. The basic venue right is to be used in a particular county. Article 8306, Section 19, is not then compulsory in a specified court, but a privilege or right to choose the county of suit. We hold that the provisions of Article 8306, Section 19, are a matter of venue and not of jurisdiction.

Such a ruling is in keeping with the liberal construction to be given the compensation statutes of this State. Determining the proper county of suit is less onerous by the plea of privilege method than by trial on the merits. For instance, the case before us was tried in Gaines County in far West Texas; had it been filed by the carrier in far East Texas, the claimant would have been forced to appear in that tribunal 1,000 miles away from his home with his witnesses and prepared for a trial on the merits; if he was unsuccessful on the venue matter, he would have the long appellate process of a regular appeal from a trial on the merits, and if successful on appeal would then have another full trial on the merits. Otherwise, he could expeditiously dispose of the venue question with a plea of privilege and possibly only his own testimony, and if unsuccessful have a quick appeal.

■ Having determined that the provisions of Article 8306, Section 19, are venue matters, it follows that the proper procedure for the determination of venue is by plea of privilege. Exception No. 30 under Article 1995, Tex.Rev.Civ.Stat.Ann., provides:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 8306, Section 19, would seem to be such a statute as is described in the above section in that it expressly prescribes the counties in which the suits may be commenced. It would seem that Exception 30 has no meaning unless it applies to statutes such as Article 8306, Section 19. In fact, the venue provisions of Article 8306 have been in effect since 1927, yet that statute contains no provision or authorization for a court to transfer cases under it when a determination is made that the suit is in the wrong county. Surely then, it is the intention of the Legislature that such transfer should be determined by the plea of privilege procedure.

Our Courts seem to confuse statutory provisions of venue when set out in the statutes themselves with the procedure of Article 1995 and Rule 86, Tex.R.Civ.P. Cases are numerous in which they have said "the statute itself controls"; they then go on to say that the procedure and rules applying to the general venue statute, Article 1995, and pleas of privilege do not apply. See *Goff v. State Board of Insurance*, 319 S.W.2d 383 (Tex.Civ.App.—Dallas 1958, no writ); *Turner v. Bennett*, 108 S.W.2d 967 (Tex.Civ.App.—Beaumont 1937, no writ); and *Johnson v. Sharpstown State Bank*, 503 S.W.2d 667 (Tex.Civ.App.—Eastland 1973, no writ). Such statements are correct in saying that the statute itself controls in that it specifies the venue facts, but it ignores the fact that the *procedure* to determine those facts is that of the plea of privilege. The vehicle to raise the venue issue is the plea of privilege followed by the response to it required by Rule 86. Our Courts seem to ignore the provisions of Rule 86 in such instances; it provides that when a plea of privilege is filed, it shall be prima facie proof of the defendant's right to a change of venue, unless the adverse party controverts the plea. The Rules of Civil Procedure have the effect of statutes and cannot be ignored.

If these statutes which authorize or regulate venue by their own terms are not determined by the plea of privilege procedure, then we have problems intended to be eliminated by that procedure, problems of adverse rulings on the venue question which may not be an appealable order, long delays

in that there must be the regular appeal after a full trial on the merits even though the only error is in the venue determination, and other problems. All are contrary to the more desirable method of expeditiously determining the venue of a cause before entering into a trial on the merits. By the Rules of Civil Procedure, venue is the first order of pleading and should be determined prior to trial of the case.

All of these matters would seem to have been laid to rest by a decision of the Supreme Court in 1967, but that decision seems almost to have been ignored by the Courts. Judge Calvert held without equivocation:

> "Venue cannot be put in issue by pleas to the jurisdiction, pleas in bar, or pleas in abatement, but only by a plea of privilege. * * * *"

*Texas Highway Department v. Jarrell,* 418 S.W.2d 486 (Tex.1967). In that case, the Texas Highway Department was sued in Delta County, and by a plea of privilege was successful in getting the case transferred to Travis County. Some two years later, the same party instituted on the same grounds a suit against the Highway Department, again in Delta County; this time the Department did not file a plea of privilege, but rather filed a plea in abatement on the grounds that the final judgment in the first case as to venue was conclusive on the second case. The Supreme Court noted that a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed; and a plea in bar, if sustained, would require a judgment that the claimant take nothing. The Court noted that the plea of res judicata was a plea in bar, but only as to a venue issue. It then held that the Highway Department had not raised an issue of proper venue by a plea of privilege as required by Rule 86. It was said that if the Highway Department had filed a plea of privilege and the plaintiff had filed a controverting affidavit, proper venue of the cause would have been placed in issue; the Department's plea that the judgment in the first cause was res judicata of the plaintiff's right to maintain venue in Delta County would have been in order. The Court then cited numerous cases in which that procedure had been followed; that is, that a plea of privilege was filed and then the plea of res judicata was good on the issue of venue. Following this discussion, it then made the ruling which we have quoted above that venue cannot be put in issue by pleas to the jurisdiction, pleas in bar, or pleas in abatement, but only by a plea of privilege, and it then overruled several cases to the contrary.

In the case before us, the plaintiff followed the procedure above outlined in that he filed a controverting affidavit alleging that the venue is maintainable under Subdivision 30 of Article 1995 and Article 8306, Section 19, and pleading facts as to Paragraphs b and c of Section 19. When the facts of either a, b, or c of Section 19, Article 8306, are established, then venue is mandatory in that county. In the case before us, the evidence is conclusive as to b and c. The trial Court properly overruled the plea of privilege. Much is made in the briefs as to whether the plaintiff was a "Texas employee" or not. This is not a venue fact as seen from the above discussion, but is a matter for trial on the merits. It is basic to the plaintiff's right of recovery that he be a Texas employee. We were in error in treating it as a venue fact in the *Nardman* case. The judgment of the trial Court is affirmed.