Rodolfo A. REYES, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 6031.

Court of Civil Appeals of Texas, Waco.

April 26, 1979.

Rehearing Denied May 24, 1979.

Mark S. Smith, Mickey J. Blanks and Ed McConnell, law student, Mark Smith & Associates, Lubbock, for appellant.

Harvey F. Cohen, Barham E. Bratton and Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

## OPINION

JAMES, Justice.

This is a venue matter growing out of a workmen's compensation case. Rodolfo A. Reyes, Defendant-Appellant herein, sustained an injury in Robertson County, Texas, while in the course and scope of his employment with Texas Bitulithic Company. Plaintiff-Appellee Texas Employer's Insurance Association was at all times material to this suit, the insurance carrier for Texas Bitulithic Company.

The Industrial Accident Board made its final ruling and decision in the matter on June 1, 1978, and the next day, to wit, on June 2, 1978, Texas Employers filed suit in Robertson County to set aside the final ruling and decision of the Industrial Accident Board. Thereafter, on August 15, 1978, Defendant-Claimant Reyes, filed his Plea of Privilege requesting that venue of the suit be transferred to Maverick County, the county of his residence. In this connec-

tion, Reyes mailed his Plea of Privilege to the District Clerk of Robertson County for filing on August 11, 1978; and on said last-named date, a copy of said Plea of Privilege was deposited in the U.S. Mail, addressed to the attorney for Texas Employers, and sent certified mail, return receipt requested. Said attorney's office received the copy of the Plea of Privilege on August 15, 1978. Said copy of the Plea of Privilege was misfiled by the secretarial staff into another office file, and not in the file concerning the case at bar. The file containing the copy of the Plea of Privilege (which was not the file of the case at bar) was sent to another attorney representing Texas Employers, during the week of August 21, 1978; whereupon the second attorney thought the file containing the copy of the Plea of Privilege needed no attention. The mix-up and error made by the secretarial staff was discovered by one of the attorneys in the law firm on September 6, 1978; and thereupon the next day, September 7, 1978, the attorney for Texas Employers filed a Controverting Plea accompanied by a Motion for Determination of Good Cause for Late Filing of said Controverting Plea. In other words, twenty-two days passed between the time the attorneys for Texas Employers received the copy of the Plea of Privilege and the time Texas Employers filed its Controverting Affidavit and Motion to Show Good Cause, hereinabove referred to. On November 13, 1978, the trial court after hearing determined that good cause existed, and overruled Defendant Reyes's Plea of Privilege, from which order Reyes appeals.

All of the facts and chronology hereinabove set out are undisputed, and those facts concerning the venue aspects are established by Findings of Fact and Conclusions of Law made by the trial court. In the Conclusions of Law, the trial court held that the secretarial staff of Plaintiff Texas Employers' attorneys was guilty of negligence, because of the failure to file the copy of the Plea of Privilege in the proper office file; however, the trial court further concluded that the attorneys for Texas Em-

ployers were not negligent in failing to file their Controverting Plea within ten days after their receipt of the copy of the Plea of Privilege. The trial court further concluded that nothing Defendant Reyes or his attorneys did or failed to do contributed in any way to the misfiling of the copy of the Plea of Privilege in Plaintiff's attorney's office, nor contributed in any way to Plaintiff's failure to file its Controverting Plea within ten days after receipt of the copy of the Plea of Privilege. The trial court further concluded that no over-reaching or misleading act was done by Defendant or his attorneys which prevented Plaintiff or Plaintiff's attorneys from filing its Controverting Plea within the ten day period.

Defendant-Appellant Reyes complains in five points of error that the trial court erred in holding that good cause existed for late filing of the Controverting Plea, in permitting Plaintiff-Appellee to file said Controverting Plea twenty-two days after receipt of the copy of Defendant-Appellant's Plea of Privilege, and in overruling Defendant-Appellant's Plea of Privilege. We sustain Defendant-Appellant's contentions and thereby reverse and render the trial court's judgment.

Article 1995, Subdivision 30, Vernon's Texas Civil Statutes provides:

"Special Venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 8307, Sec. 5, V.T.C.S., a part of the Workmen's Compensation Act, as amended effective August 29, 1977, in its pertinent parts provides:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, filed with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred . . . ."

We see that Art. 8307, Sec. 5, as amended effective August 29, 1977, gives any interested party appealing from the award of the Industrial Accident Board the choice of one of two counties in which to file suit, namely, either (1) the county where the injury occurred, or (2) the county where the employee resided at the time the injury occurred. Prior to the 1977 Amendment, Art. 8307, Sec. 5, did not give the party filing suit such a choice of counties in which to file suit, but said prior law required such suit to be brought only in the county where the injury occurred.

Article 8307a, V.T.C.S., which was enacted in 1931 and has remained unchanged thereafter, in its pertinent parts provides:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. . . . ."

As seen, Article 8307a requires the bringing of such (workmen's compensation) suit in the county where the injury occurred, and said statute was not amended as was Art. 8307, Sec. 5 so as to allow a choice of counties of either (1) where the injury occurred, or (2) where the employee resided at the time of the injury.

■ Plaintiff-Appellee Texas Employers contends that venue in a workmen's compensation suit such as the case at bar is statutory and is governed by Article 8307, Sec. 5, and Article 8307a, V.T.C.S., and that the basic venue rule that a defendant may

only be sued in the county of his domicil has no application. In other words, Appellee argues that under Article 8307, Sec. 5, as amended in 1977, venue is proper in either Robertson County (the place of injury) or Maverick County (the place of Reyes's domicil); that such statute created a "race to the courthouse" in workmen's compensation cases; that if both parties are dissatisfied with the ruling of the Industrial Accident Board, the first party to file suit has his choice of forum; that in the instant case, Texas Employers "won the race" by bringing the suit in Robertson County, thereby precluding Reyes from any right to venue in Maverick County, the county of his residence. Moreover, Appellee says that Article 8307a still requires that if a suit to set aside a final ruling of the Board is brought in any county other than the county where the injury occurred, unless that court has jurisdiction, it must transfer the case to the county where the injury occurred. In short, Appellee asserts that a plea of privilege is not the proper way to challenge venue in a workmen's compensation case, and that "the only proper way to transfer cases brought under Article 8307, Sec. 5 is by a plea to the jurisdiction made under Art. 8307a." We do not agree with Appellee's arguments.

In the first place, our Supreme Court in *Texas Highway Dept. v. Jarrell* (Tex.1967) 418 S.W.2d 486, same being a suit to set aside a workmen's compensation settlement, made this unequivocal pronouncement:

" 'Venue cannot be put in issue by pleas to the jurisdiction, pleas in bar, or pleas in abatement, but only by a plea of privilege. (citations).' " Also see *Texas Employers Ins. Assn. v. Ellis* (El Paso CA 1976) 543 S.W.2d 397, no writ, where in a workmen's compensation case involving a choice of counties for venue under Article 8306, Sec. 19, V.T.C.S., the El Paso Court of Civil Appeals held that the proper procedure for determination of venue is by plea of privilege.

Under the rule laid down by our Supreme Court in *Jarrell* and as interpreted and applied by the El Paso Court of Civil Appeals in *Ellis,* we are of the opinion and hold that in the case at bar, the proper procedure for determination of venue is by plea of privilege.

Where Article 8307, Sec. 5, and Article 8307a use the term "jurisdiction" in connection with where a workmen's compensation suit should be filed (that is, in what county or counties such a suit should be brought), such term really means "venue." Our Supreme Court has held in interpreting Article 8307a that courts outside the county where the injury occurred, otherwise having jurisdiction of the subject matter of the litigation, *have potential jurisdiction* of workmen's compensation cases. *Federal Underwriters Exchange v. Pugh* (Tex.1943) 141 Tex. 539, 174 S.W.2d 598, 600. Therefore, since the problem before us is essentially "venue" as opposed to "jurisdiction," then a plea of privilege is the proper procedure to be employed. See *Texas Employers Ins. Assn. v. Ellis* (El Paso CA 1976) 543 S.W.2d 397, no writ.

This being so, we next proceed to the questions presented by the late filing by Plaintiff-Appellee of its Controverting Plea. As stated above, Defendant-Appellant Reyes filed his Plea of Privilege on August, 15, 1978, and Plaintiff-Appellee's attorneys received a copy of same by certified mail likewise on August 15, 1978. Rule 86, Texas Rules of Civil Procedure, in its pertinent parts provides:

"When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; . . . . A copy of such plea of privilege shall be served on the adverse party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading to him by registered mail return receipt requested. If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Under this record, Plaintiff had ten days after August 15, 1978, in which to file its Controverting Plea, unless an enlargement of time was permitted under Rule 5, T.R.C.P. Plaintiff did not file its Motion for Determination of Good Cause for Late Filing of Controverting Plea (and the Controverting Plea itself) until September 7, 1978, some twenty-two days after Plaintiff's receipt of the copy of the Plea of Privilege.

Rule 5, T.R.C.P. in its pertinent parts provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion . . . (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; . . . ."

Did Plaintiff's Motion to permit late filing of the Controverting Plea show good cause? We think not. For good cause to exist, a plaintiff must free himself of any implication of negligence, and show that some mistake or overreaching or some actual or constructive fraud upon the part of the defendant or his attorney induced delay. *Eagle Life Ins. Co. v. Owens* (Texarkana CA 1977) 549 S.W.2d 243, 245, writ dismissed; 1 McDonald's Texas Civil Practice, Section 4.48.

In the case at bar, it was undisputed, and the trial court expressly found, that the secretarial staff of Plaintiff's attorneys was negligent in misfiling the copy of Defendant's Plea of Privilege in the wrong office file, which occasioned the late filing of the Controverting Plea. Since the secretarial staff of Plaintiff's attorneys was undisputedly negligent, then it is well-settled that such negligence on the part of the secretarial staff is imputed to Plaintiff's attorneys, and in turn imputed to Plaintiff. See *Agristor Credit Corp. v. Donahoe* (Waco CA 1978) 568 S.W.2d 422, NRE, and the cases cited in support of this proposition at page 426; 38 Tex.Jur.2d, "Master and Servant," par. 240, pp. 489 et seq.

It was the duty of Plaintiff under Rule 5 to both plead and prove good cause for late filing of the controverting plea. This Plaintiff did not do. Plaintiff's Motion for Late Filing shows on its face the absence of good cause, which requires that Defendant-Appellant's Plea of Privilege be sustained. *Bond v. Lewis* (Waco CA 1973) 496 S.W.2d 181, no writ; *Lindsey v. Chanslor* (Waco CA 1976) 538 S.W.2d 675, no writ; *LPG, Inc. v. Development Associates, Inc.* (El Paso CA 1973) 498 S.W.2d 736, no writ. The above-cited three authorities hold that when a controverting affidavit to a plea of privilege is not filed within ten days after the adverse party has received a copy of the plea of privilege, the trial court is required to sustain the plea of privilege, unless for good cause shown by pleading and proof, the court extends the time within which to file the controverting affidavit.

In the case at bar, we are of the opinion and hold that good cause was not shown by Plaintiff; therefore, the filing of the Controverting Plea was a nullity, and the trial court's overruling of the Plea of Privilege was erroneous.

We therefore reverse the trial court's order and render judgment ordering the cause to be transferred to Maverick County for trial on the merits.

REVERSED AND RENDERED.