# UNITED STATES FIRE INSURANCE COMPANY, Appellant,

v.

### Rosa S. ALVAREZ and Manuel Alvarez, Appellees.

#### No. 16437.

Court of Civil Appeals of Texas, San Antonio.

Oct. 15, 1980.

Rehearing Denied Nov. 5, 1980.

Stephen B. Tatem, Jr., Scott, Hulse, Marshall & Feuille, El Paso, for appellant.

Richard Tinsman, Tinsman & Houser, H. David Peeples, San Antonio, Phillip A. Kazen, Laredo, for appellees.

## OPINION

KLINGEMAN, Justice.

This is an appeal by United States Fire Insurance Company (U.S. Fire) from an order of the trial court overruling its plea of privilege filed in a workers' compensation case. Rosa Alvarez and Manuel Alvarez filed suit in Webb County, Texas, to appeal from an award of the Industrial Accident Board. U. S. Fire filed its plea of privilege to be sued in Dallas County, the county of its residence, and asserted that the worker, Tranquelino Alvarez, was a farm laborer and therefore was an exempt employee from the coverage afforded by the Texas Workers' Compensation Act. The plaintiffs filed their controverting plea asserting Tranquelino Alvarez resided in Webb County, Texas, both at the time of the injury made the basis of this suit and at the time of his death, and therefore venue lies in Webb County under the provisions of Section 30 of Article 1995, Texas Revised Civil Statutes, and Article 8307, Section 5, of the Workers' Compensation Act. Trial was to the court which, after hearing testimony, entered its order overruling the plea of privilege.

Section 30 of Article 1995, reads as follows:

Special Venue.–Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

Tex.Rev.Civ.Stat.Ann. art. 1995, § 30 (Vernon 1964). Article 8307, Section 5, of the Texas Workers' Compensation Act provides that suit shall be brought in the county where the injury occurred or in the county where the employee resided at the time the injury occurred, or if such employee is deceased, then in the county where the employee resided at the time of his death.

The accident here involved occurred in Hudspeth County, but it is undisputed that the worker resided in Webb County, Texas, both on the date of the injury and at the time of his death.

Appellant's basic contentions on this appeal may be summarized as follows: (1) the record here does not establish that this is a workers' compensation case because there is no proof that the injured worker was entitled to coverage under the Workers' Compensation Act; (2) if this is a workers' compensation case, a plea of privilege is the proper procedure for determination of venue in a workers' compensation case; and (3) plaintiffs wholly failed to prove a cause of action, a necessary element in order to sustain venue in Webb County, Texas. Appellant urges that since proof that Tranquelino Alvarez was a covered employee is necessary in order to prove a cause of action in a workers' compensation case, plaintiffs cannot prevail in the plea of privilege hearing without proving that the worker was a covered employee. Here, plaintiffs only proved that the worker was a resident of Webb County at the time of his injury and on the date of his death, but made no attempt to prove that he was covered or non–exempt employee under the Workers' Compensation Act.

Although there are some cases to the contrary, we agree with defendant's contention that a plea of privilege is a proper procedure for determination of venue in a workers' compensation case. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967); *Reyes v. Texas Employers' Insurance Association*, 581 S.W.2d 268 (Tex. Civ.App.–Waco 1979, writ dism'd); *Texas Employers' Insurance Association v. Ellis*, 543 S.W.2d 397 (Tex.Civ.App.–El Paso 1976, no writ). The basic question before us, however, is whether on a plea of privilege hearing in a workers' compensation case, plaintiffs were required to prove a cause of action as a venue fact in order to maintain venue in Webb County, Texas.

Appellant, in support of its contentions, urges that since plaintiffs cannot obtain any recovery unless the worker was a covered employee under the Texas Workers' Compensation Act, they must prove that they have a recognizable cause of action under the Texas Workers' Compensation Act in order to prevail in the plea of privilege hearing. Appellant asserts that Tranquelino Alvarez was an exempt employee under the coverage afforded by the Texas Workers' Compensation Act because he was a farm laborer, and that in a venue hearing this question is a "venue fact" that plaintiffs must prove in order to sustain venue in Webb County under subdivision 30 of Article 1995, Vernon's Annotated Civil Statutes.

Defendant cites and relies on such cases as *Fitting Supply Co. v. Bell County Solar Control Corp.*, 605 S.W.2d 856 (Tex. 1980) (usury case); *Universal Credit Co. v. Dunklin*, 129 Tex. 324, 105 S.W.2d 867 (1937) (usury case); *Joc Oil Aromatics, Inc. v. Commercial Fuel Oil Co.*, 564 S.W.2d 490 (Tex.Civ.App.–Houston [1st Dist.] 1978, no writ) (Deceptive Trade Practices Act case); *State v. Huff*, 491 S.W.2d 216 (Tex.Civ.

App.–Amarillo 1973, no writ) (Motor Carrier Act case). Clearly, there are certain venue exceptions where proof of a cause of action is a necessary element in a venue case. This is not such a case. We believe the venue exceptions in the above–cited cases are distinguishable. The fact that proof of a cause of action is required under some venue statutes does not mean it is required under all,[1] and the venue facts required to be proved by plaintiff at a plea of privilege hearing vary depending on the particular exception plaintiff relies on. *Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28 (Tex.Civ. App.–Houston [14th Dist.] 1977, writ dism'd).

At a plea of privilege hearing, questions going to the merits of the action are not in issue unless raised by the requirement of the particular venue provision. *Farmers' Seed & Gin Co. v. Brooks*, 125 Tex. 235, 81 S.W.2d 675 (1935); *Sumitomo Corp. v. James K. Anderson, Inc.*, 599 S.W.2d 117 (Tex.Civ.App.–Dallas 1980, no writ); *Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28 (Tex. Civ.App.–Houston [14th Dist.] 1977, writ dism'd); *Highway Motor Freight Lines v. Slaughter*, 84 S.W.2d 533 (Tex.Civ.App.– Dallas 1935, no writ). We do not quarrel with the holding in the usury cases, the Deceptive Trade Practices Act cases, or the Motor Carrier Act case cited by appellant, as these cases simply construe the venue facts under these particular types of cases.

The case most nearly in point is *Texas Employers' Insurance Association v. Ellis, supra.* In *Ellis*, an employee who had been injured out of state brought suit in the county of his residence in Texas against the

---

1. There are a number of subdivisions of Article 1995 which do not require proof of a cause of action, examples of which are: Subdivision 14, *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954); *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69 (1945); Subdivision 12, *Hagan v. Anderson*, 506 S.W.2d 298 (Tex.Civ.App.–San Antonio 1973, aff'd ), 513 S.W.2d 818 (1974); Subdivision 25, *Texas & New Orleans Railroad*

Co. v. Bradley, 319 S.W.2d 122 (Tex.Civ.App.– Austin 1958, writ dism'd). Subdivision 27 is a venue exception in which under certain portions thereof, it is necessary to prove a cause of action, and under other portions, it is not necessary. Subdivision 31 is also such a subdivision. *See Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28 (Tex.Civ. App. Houston [14th Dist.] 1977, writ dism'd).

workers' compensation carrier.[2] The carrier's plea of privilege was overruled. On appeal, the court held that the plaintiff's status as a "Texas employee" was not a venue fact but should be determined on a trial on the merits. The case before us is comparable to *Ellis*, the only difference being that in *Ellis* the defendant was maintaining that proof of "Texas employee" status was required, whereas, here, defendant is urging that proof of "covered employee" or "non–exempt" status is required. In both *Ellis* and the case before us in order for plaintiffs to prevail on the merits, plaintiffs must establish that the worker was a covered employee under the Texas Workers' Compensation Act. Under Article 8307, section 5, coverage is not a venue fact, but is an element of the employee's case in a trial on the merits.

We hold that in the venue proceeding here involved, it was not necessary for plaintiff to prove a cause of action. Section 5 of Article 8307 spells out the venue facts necessary in order to fix venue in suits of the nature of the one here involved. All necessary venue facts were proved. It was not necessary to prove a cause of action for the reason that the issue is venue, not liability. We are not here concerned with the merits of claimants' claim for compensation, but only with determining the proper court to pass upon the merits of their claim.

All of defendant's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.

**2.** *Ellis* passes on both the question of whether a plea of privilege is proper in a workers' compensation case and also the question of whether it is necessary to prove a cause of action in a venue hearing in a workers' compensation case. The court initially disposes of the question of whether a plea of privilege is a proper proceeding under such statute, or whether the provision is jurisdictional, by holding that it is a venue matter and that the proper procedure for the determination of such venue is by plea of privilege. The court then discusses the provisions of subdivision 30 of Article 1995 and whether it is applicable to Article 8306, section 19, which expressly sets forth the counties in which such suit shall be brought. The court, in holding that the plea of privilege of the carrier was properly overruled, held that the question of whether plaintiff was a "Texas employee" or not was not a venue fact but was a matter for trial on the merits, although it was basic to plaintiff's right of recovery that he be a Texas employee.