**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Tom JONES, Appellee.**

**No. 5276.**

Court of Civil Appeals of Texas, Eastland.

March 29, 1979.

Stephen F. Fink, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

Ken R. Davey, P. C., Dallas, for appellee.

DICKENSON, Justice.

Texas Employers' Insurance Association filed suit in Dallas County to appeal from an award of the Industrial Accident Board. Tom Jones filed an answer and a cross-action to seek compensation benefits for total and permanent disability and for medical expenses. The association filed its answer to the cross-action. Tom Jones also filed a motion to transfer the lawsuit to Collin County, where the injury occurred, even though he resided in Dallas County at the time the injury occurred. The trial court transferred the case to Collin County. The association appealed. We reverse the transfer order and remand the cause for trial in Dallas County.

■ The initial question is whether the association has a right to appeal from the transfer order at this time or if the transfer order is a nonappealable interlocutory order. Even though the transfer order is interlocutory, we hold that there is a present right of appeal. *Boyce v. Texas Indemnity Insurance Company*, 193 S.W.2d 551 (Tex.Civ.App.—Beaumont 1946, writ dism'd), considering a "motion to transfer" a worker's compensation case, stated:

> On a former day of this term of court this appeal was dismissed on the ground that this court was without jurisdiction to entertain this appeal. In appellant's motion for rehearing he called our attention to the opinion of the Commission of Appeals in the case of *Shell Petroleum Corporation v. Grays*, 122 Tex. 491, 62 S.W.2d 113, which sustains the contention of the appellant that this court has jurisdiction of this cause. Therefore appellant's motion for a rehearing is granted and we will dispose of the appeal on its merits.
>
> . . .
>
> We are not here concerned with the merits of claimant's claim for compensation, but only to determine the proper court to pass upon the merits of his claim. . .

■ The association's appeal presents one point of error stating the district court erred in transferring this worker's compensation case to Collin County, the county of injury, from Dallas County, the county of Tom Jones' residence at the time of injury. We agree. Article 8307, § 5, Tex.Rev.Civ. Stat.Ann. (Supp.1979), now specifically states that such suits may be brought "in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred." The 1977 amendment to this section gives the association, as well as the worker, the right to file suit in the county where the worker resided on the date of injury. Article 8307a, Tex. Rev.Civ.Stat.Ann. (1967), is not applicable because the district court of Dallas County has jurisdiction under Article 8307, § 5, supra, to render judgment on the merits of this claim.

The transfer order is reversed, and the cause is remanded for trial in Dallas County, Texas.