**Agapito E. GARCIA, Appellant,**

v.

**TEXAS EMPLOYER'S INSURANCE ASSOCIATION, Appellee.**

**No. 1487.**

Court of Civil Appeals of Texas, Corpus Christi.

March 27, 1980.

Rehearing Denied April 17, 1980.

Mark Smith, Frank L. King, Lubbock, for appellant.

Marshall W. Graham, Harlingen, for appellee.

OPINION

YOUNG, Justice.

The sole question in this appeal is whether jurisdiction was established in the 139th District Court of Hidalgo County by a premature filing of a suit appealing an award of the Industrial Accident Board. The trial court dismissed the suit for want of jurisdiction. We affirm.

Appellant, Agapito E. Garcia, is employed as a migrant worker who maintains his residence in Hidalgo County. He was injured in the course and scope of his employment while working a cotton press for Plainview Coop Compress on December 21, 1977, in Hale County, Texas. Sometime after his injury, Garcia filed his claim for compensation for his injuries with the Industrial Accident Board. The Industrial Accident Board entered its award for appellant's disability on May 23, 1978.

Appellant filed suit in Hidalgo County, the county of his residence, on January 25, 1978. This petition sought a trial de novo of the award made by the Industrial Accident Board, even though the award was not made until May 23, 1978, some four months

later. Those portions of the petition setting out date and amount of the award by the Board were left blank. Additionally, no service was requested on the insurance carrier in the suit filed on January 25, 1978. After the award by the Board had been made, an amended petition was filed by Garcia on June 2, 1978, which included the amount of the award and the date awarded.

 The crux of this appeal is whether the premature filing of a suit to set aside an award by the Board some four months before the award by the Board was made established jurisdiction in Hidalgo County. If jurisdiction was not invoked in Hidalgo County by this filing, then jurisdiction attached in Hale County as a result of a suit filed by the Texas Employer's Insurance Association on May 24, 1978, the day after the award was made by the Board.

A suit to set aside the ruling of the Board may now be brought either in the county where the injury occurred or in the county where the employee resided at the time the injury occurred. *Texas Employer's Ins. Ass'n v. Jones*, 580 S.W.2d 889 (Tex.Civ. App.—Eastland 1979, no writ); Tex.Rev. Civ.Stat.Ann. art. 8307 § 5 (Supp.1980). Section 5 of Article 8307 states in part:

". . . Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside the final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. . . ."

In effect, this section creates a race for filing in those cases in which both parties file a suit in different counties to set aside the judgment of the Board. The race for fixing venue, does not commence, however, until after the award is made by the Board.

The effect of permitting such a premature filing in a district court before the award has been made by the Board would be to expand the timetable for the race to the courthouse. A party would be permitted thereby to file suit the day after the injury occurred to fix venue in the county of his choice, even though no award has been made by the Board. Suits would be filed even though the parties would have no idea of whether they might want to go to the courts to resolve the issues. It is likely that the docket loads of district courts would be increased by suits to set aside the awards of the Board even before the Board had considered the issues.

Even though one might argue that venue is fixed in a county by the filing of a suit to set aside the award of the Board under Rule 22, T.R.C.P., there is no subject matter here for the district court to litigate. If there is no award to set aside, then there can be no litigation in the district court. The cause of action has not matured until the award is made by the Board.

It is true that the Supreme Court has recently tempered the mandatory filing requirements in similar cases, but to permit such a substantial violation of the jurisdictional filing requirements, as here, is beyond even the most liberal interpretation of the holdings of our Supreme Court. *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678 (Tex.Sup.1979); *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909 (Tex.Sup. 1979). See also *Cole v. Texas Employment Commission*, 563 S.W.2d 363 (Tex.Civ.App. —Fort Worth 1978, writ dism'd ); *Crosland v. Texas Employment Commission*, 550 S.W.2d 314 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Texas Employment Commission v. Hartzheim*, 549 S.W.2d 770 (Tex. Civ.App.—San Antonio 1977, no writ). All of appellant's points of error have been carefully considered by us and they are overruled.

The judgment of the trial court is affirmed.