James A. MAINOLFI, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

No. C2759.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1981.

Joe K. Mitchell, Harvill & Hardy, Houston, for appellant.

Andrew Gass, Law Offices of Andrew Gass, Houston, for appellee.

Before MILLER, MURPHY and MORSE, JJ.

MURPHY, Justice.

Appellant, James A. Mainolfi, appeals from the dismissal for want of jurisdiction of his suit against appellee, Liberty Mutual Insurance Company, the compensation insurance carrier of appellant's employer, Lanet Properties, Inc. At issue is whether appellant timely filed suit to appeal from a ruling of the Industrial Accident Board, as required by Section 5 of Article 8307 of the Texas Revised Civil Statutes. We affirm.

Following an accidental bodily injury which allegedly occurred while in the course and scope of his employment, appellant filed a claim under the Texas Workers' Compensation Act. The Texas Industrial Accident Board (the Board) denied appellant's claim and thus entered a negative award on December 10, 1979. Appellant thereafter mailed to the Board a notice of dissatisfaction with the award on December 12, 1979. Although this notice was actually received by the Board on December 13, 1979, appellant did not receive a confirmation of the Board's receipt of that notice until January 7, 1980. Appellant neverthe-less filed suit to set aside the negative award on January 4, 1980, twenty-two days after the Board's receipt of the notice.

Appellee filed a motion to dismiss for want of jurisdiction alleging that the court lacked jurisdiction to entertain the suit since appellant did not comply with the jurisdictional time requirements set out in the statute providing for suits to set aside final rulings of the Board. Tex.Rev.Civ. Stat.Ann. art. 8307 § 5 (Vernon Supp. 1980). That statute requires that any interested party shall bring suit "within 20 days of giving such [nonabidance] notice."[1] Appellant responded to this motion by asserting that any late filing was caused by the Board's failure to inform him of the date on which it received the notice. He stated that from the latter part of the week of December 17, 1979, through January 4, 1980, appellant's attorney continuously kept in contact with the Board to inquire as to when the notice was received, but its receipt was denied by the agents. An affidavit of the Executive Director of the Board was attached to the response wherein it was stated that on December 19, 1979, the Board was in the process of moving its offices and on that same date the computer terminals were shut down. This appeal is from the granting by the trial court of appellee's motion to dismiss.

Appellant originally brought forward five points of error. However, in his oral argument before this court he asserted error only with respect to his allegations in points of error four and five, thus waiving his first three points. In his fourth point of error, appellant asserts that any late filing was caused by the actions and representations of the Board and/or its agents. By his fifth point of error, appellant complains of the trial court's alleged error in granting the motion to dismiss because any late filing was caused by his intention to comply with the "notice of intention to appeal" provisions stated in the Board's award.

1. The relevant portions of Section 5 are as follows:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, . . . .

Appellant's main contention with respect to his fourth point of error is that the Board's actions in failing to advise him of its receipt of the notice require equity to intervene and relax the strictness of the statutory time requirements. He asserts that notwithstanding the courts' holdings that Article 8307 § 5 is jurisdictional and mandatory, *Standard Fire Insurance Co. v. LaCoke*, 585 S.W.2d 678 (Tex.1979); *New York Underwriters Insurance Co. v. Ehlinger*, 593 S.W.2d 432 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), this case falls within an exception giving the court jurisdiction despite the late filing so as to avoid "a harsh and inequitable result." What appellant would have us do is carve out a "good cause" exception to Art. 8307 § 5. We agree with appellee that if the legislature had so intended, they would have included such an exception in § 5 as was done in § 4a of Art. 8307 involving notice of injury.

For his fourth point of error appellant relies on four cases. In *Adams v. Consolidated Underwriters*, 133 Tex. 26, 124 S.W.2d 840 (1939), the suit to set aside the Board's award was timely filed but it named Consolidated Casualty Underwriters as defendant. Although the agent served was the agent of Consolidated Underwriters, the corporation filed an affidavit stating that the agent was not the agent of the corporation named in the petition. The plaintiff subsequently filed an amended petition in which he named the correct defendant. The trial court overruled the defendant's motion to dismiss for lack of jurisdiction. The Court of Civil Appeals reversed the trial court's finding that it had jurisdiction on the ground that the suit naming the correct defendant was filed more than twenty days after the giving of the nonabidance notice. This decision was reversed by the supreme court on the basis that suit against a corporation by a wrong corporate name is still a suit against such corporation. Because this was only a misnomer problem which could be corrected by an amended pleading, the court found that the trial court retained jurisdiction over this suit. Although the decision of the supreme court approved the dissent in the opinion of the Court of Civil Appeals, which dissent speaks of "a policy of liberality," *see Consolidated Underwriters v. Adams*, 97 S.W.2d 323 (Tex.Civ.App.—Beaumont 1936), *rev'd*, 133 Tex. 26, 124 S.W.2d 840 (1939), the "liberality" is with respect to "allowing the amendment of pleadings so as to avoid the loss of rights by litigants from the mere technicalities arising out of the filing of amended pleadings." 97 S.W.2d at 328. We may therefore distinguish *Adams* from the instant case because there the late filing arose out of the misnomer problem. In the case before us, there was no problem requiring the amendment of pleadings which would have resulted in a late filing of a suit. The problem was a late filing in and of itself, not occasioned by another problem for which an excuse may be found.

In *Travelers Ins. Co. v. Machann*, 188 F.2d 828 (5th Cir. 1951), the notice of nonabidance was timely filed but it was not until the afternoon of the twentieth day following the mailing of that notice that the claimant's attorney prepared the original petition. The claimant, a man of Czech descent with a meager education, went to the attorney's office and waited for two hours until 4:00 P.M. for the papers to be prepared after which he took the papers to the county courthouse. With broken English he asked the clerk where they should be filed and she replied, "I will take care of it." She subsequently filed the petition in the county court. When it was discovered that the petition needed to be filed in the district court, the filing was three days late because of an intervening weekend. The court, holding that the trial court was correct in retaining jurisdiction, found that because of the degree of care and diligence exercised by the claimant, and in view of the "liberal construction which the Texas courts have accorded the Compensation statutes," the suit was timely filed. Despite the court's language of "liberality," we would construe this holding and therefore distinguish this case from the one at hand as a limited one based on these unique circumstances. There the late filing was

actually caused by the mistake of the county clerk. The claimant had no reason to think he needed to do anything further. He had acted timely, justifiably relying on the clerk's undertaking of the proper filing of the petition.

In the instant case, as appellee points out in his brief, appellant could have done several things in order to insure that the suit would be timely filed. He could have (1) sent the notice registered or certified mail, return receipt requested, (2) had it hand delivered with a signed receipt by a delivery service, (3) used the United States Post Office's guaranteed next-day delivery service, (4) employed a workers' compensation filing service located in Austin, (5) filed a second notice of nonabidance, or (6) filed the suit before receiving the Board's acknowledgement of receipt since that is essentially what he did when it was filed on January 4, 1980. He did none of these, believing that he needed to first receive confirmation of the Board's receipt of notice.

■ In order to invoke the jurisdiction of the court, it is not necessary for a claimant to ascertain the date on which the notice of nonabidance is received by the Board. *Texas Employers' Ins. Ass'n v. Moore*, 123 Tex. 302, 70 S.W.2d 702 (1934, opinion adopted); *Texas Employers' Ins. Ass'n v. Burnett*, 72 S.W.2d 952 (Tex.Civ.App.—Eastland 1934, writ dism'd); *cf. Garcia v. Texas Employer's Ins. Ass'n*, 597 S.W.2d 519 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.) (wherein the suit was filed four months before the award by the Board was made; there the court held that the court lacked jurisdiction because there was no subject matter for the district court to litigate). In the instant case, had appellant filed the suit on January 2, 1980, and not on January 4, 1980, the court's jurisdiction would have been invoked and the suit would have been filed within the statutory time requirements.

The third case on which appellant relies is one which has been interpreted as adding ten days to the twenty day requirement. *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909 (Tex.1979); *see Muldrow, Workers' Compensation*, 34 S.W.L.J. 323 (1980) and 31 Baylor L.Rev. 351 (1979). In *Ward*, a case dealing with the twenty day time requirement for filing a notice of intent to appeal, the notice was sent to the Board within fourteen days of the award. It arrived on the seventeenth day but on the twentieth day following the award, the en.velope containing the notice was returned to the claimant marked "postage due 11¢." On that same day, the claimant remailed the notice but it was not filed with the Board until the twenty-second day. It was undisputed that no extra postage was necessary, and that the delay was due solely to a mistake on the part of the United States Post Office. The court there held that although mistakes of the United States mail have been held attributable to the sender since the United States Post Office is considered the agent of the party that selects the mail as the vehicle of delivery, this construction would lead to a "harsh and inequitable result." The court thus concluded that if the notice is mailed according to the provisions of Tex.R.Civ.P. 5, the notice shall be deemed timely filed.

■ The holding in *Ward* has been interpreted as adding ten days to the twenty day time period because Rule 5 provides that if notice is sent by first class United States mail in an envelope or wrapper properly addressed and stamped and deposited in the mail one day or more before the last day for filing same, and the same is received not more than 10 days after the expiration of the statutory period, the notice shall be deemed timely filed. There the court held that because the claimant mailed the notice within the twenty days and it arrived at the Board not more than ten days late, the claimant complied with Art. 8307 § 5. Although the court stated that the Workers' Compensation Law "is to be liberally construed to effectuate the remedies it grants," the cases the court cites for this proposition involved fact situations where the party seeking to appeal used reasonable care and diligence, and did all in his power to comply with the time requirements. *Tate v. Standard Accident Ins. Co.*, 32

S.W.2d 932 (Tex.Civ.App.—Beaumont 1930, writ ref'd); *Travelers Ins. Co. v. Johnson*, 131 S.W.2d 242 (Tex.Civ.App.—Beaumont 1939, writ dism'd judgmt. cor.). In these cases and in *Ward* the late filing was due not to any lack of diligence on the part of the claimant but because of the actions of the Board in failing to pick up its mail even though it was available to the Board within the twenty days. This is not the situation presented in this case. As previously discussed, it is not shown here that appellant did all he could have done to comply with the statute. In addition, Art. 8307 § 5 does not require the Board to mail the claimant confirmation of its receipt of the notice; it was therefore not necessary for appellant to rely on the Board's representations that the notice had not been received.

In *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678 (Tex.1980), the fourth case relied on by appellant, the court first determined that it was not necessary for it to adopt the Rule 5 approach in *Ward* since the suit was found to have been timely filed. This determination was not made on the basis that any other result would be harsh and inequitable. The suit was timely filed because the petition was placed in the custody and control of the clerk on the twentieth day although, because of the erroneous instructions of the district clerk to the deputy district clerk, it was not in the district clerk's *actual* possession until a day later. In this case, as in the others relied on by appellant, the cause of the late filing was due to an individual or an entity intervening so as to delay the otherwise timely filing of the notice or suit. The facts in the instant case do not involve such a situation; accordingly, we overrule appellant's fourth point of error.

■ Appellant in his fifth point of error asserts that the late filing was due to his intent to comply with the language on the Board's award relating to appeal of that award. This language provides as follows: "If you are dissatisfied with this award and desire to appeal it, you must give the Board written notice within 20 days from the date award is entered and thereafter file suit in court within 20 days from the receipt of notice by the Board."

Because it is Art. 8307 § 5 which gives the court jurisdiction over the suit to set aside an award of the Board, we are constrained to point out that the claimant must follow the language of the statute in order to invoke the district court's jurisdiction. In comparing the language of the statute and the above quoted language, it is obvious that the language found on the award does not correctly track the language of the statute. No mention is made in the statute of filing suit twenty days from the *receipt* of notice by the Board. Although we find this language misleading and we would urge the Board to alter its form to follow the correct statutory language, the situation here is one wherein the appellant could have done more to insure the timely filing of his suit.

Accordingly, we overrule appellant's fifth point of error and affirm the judgment of the trial court.

Affirmed.