Encarnacion **SAUCEDA**, Appellant,

v.

**HOME INDEMNITY COMPANY,**
Appellee.

**No. 11–81–155–CV.**

Court of Appeals of Texas,
Eastland.

April 1, 1982.

Rehearing Denied April 22, 1982.

Mark Smith, Mark Smith & Associates, Lubbock, for appellant.

Leslie G. McLaughlin, Rassman, Gunter & Boldrick, Midland, for appellee.

DICKENSON, Justice.

The only issue is whether the insurance company can maintain venue of this worker's compensation case in the "county where the injury occurred" [1] over the injured employee's plea that the case should be transferred to the "county where the employee resided at the time the injury occurred." [2]

---

1. See Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 and art. 8307a (Vernon Supp.1982).

2. See note 1, supra.

Home Indemnity Company filed its petition as an appeal from an award of the Industrial Accident Board which awarded Encarnacion Sauceda and his attorney certain worker's compensation benefits for temporary total disability followed by permanent partial loss of wage earning capacity. Sauceda filed a plea of privilege seeking to have the case transferred from Dawson County, where the injury occurred, to Hidalgo County, his county of residence at the time of injury. Home properly controverted the plea of privilege.[3] Following a nonjury hearing, the plea of privilege was overruled on September 29, 1981. Sauceda appeals. We affirm.

Sauceda argues that he has the right to insist upon trying this case, at his option, in either the county of injury or the county of his residence. We disagree. See *Texas Employers' Insurance Association v. Jones*, 580 S.W.2d 889 (Tex.Civ.App.—Eastland 1979, no writ), where this court specifically held that the 1977 amendment to Article 8307, § 5 "gives the association, as well as the worker, the right to file suit in the county where the worker resided on the date of injury." Prior to that amendment both the worker and the association were required to file suit in the county of injury. Now, whichever files the first suit (to set aside the award of the Industrial Accident Board) has the option of fixing venue in either the county of injury or the county in which the employee resided at the time of injury. See *Mills v. Texas Employers' Insurance Association*, No. 20812 (Tex.App.—Dallas, October 27, 1981, no writ) (not yet reported); *Garcia v. Texas Employers' Insurance Association*, 597 S.W.2d 519 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). We hold that the trial court correctly decided that venue of this worker's compensation case could be maintained in the county of injury and that the injured employee could not insist that the case be transferred to his county of residence.

The judgment of the trial court is affirmed.

3. We need not consider whether a plea of privilege is the only proper procedure for determining venue in worker's compensation cases. Compare *United States Fire Insurance Company v. Alvarez*, 608 S.W.2d 264 (Tex.Civ.App.—San Antonio 1980, writ dism'd) which holds that "a plea of privilege is a proper procedure for determination of venue in a worker's compensation case," with *Plains Insurance Company v. Acuna*, 614 S.W.2d 885 (Tex.Civ.App.—Eastland 1981, no writ) which holds that the proper vehicle for challenging venue in a worker's compensation case is a motion to transfer.

We do note that Article 8307a, supra, expressly provides:

(I)n the event such suit is brought in any county other than the county where the injury occurred, or in the county of the employer's residence at the time of injury or death, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to a proper court . . . .

See also Annual Survey, Workers' Compensation, 34 Southwestern Law Journal 352–355 (1980).