**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jose T. OROZCO, Appellee.**

**No. 07–82–0355–CV.**

Court of Appeals of Texas, Amarillo.

April 13, 1984.

Rehearing Denied May 2, 1984.

Crehshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellant.

Mark Smith & Associates, Mark Smith, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a venue dispute in a workers' compensation case. Appellant Texas Employers' Insurance Association challenges the sufficiency of the evidence and pleadings to support the trial court's order transferring the case. Additionally, it suggests the suit should be abated, not transferred, if the trial court's order is otherwise sustained. We affirm.

Appellee Jose T. Orozco was injured in an industrial accident on December 3, 1979. He filed a claim with the Industrial Accident Board, and the Board rendered its final decision on October 9, 1981. Orozco filed suit to set aside the Board's award on October 14, 1981, in Webb County, his alleged county of residence. T.E.I.A. filed suit to set aside the Board's award on October 26, 1981, in Lubbock County, the county where the injury occurred. Orozco then filed a plea of privilege requesting transfer of the Lubbock County case to Webb County. T.E.I.A. controverted the plea but, after a hearing, the trial court sustained it and transferred the Lubbock County case to Webb County. T.E.I.A. attacks the order by six points of error, five directed to evidentiary deficiencies and the sixth to a pleading deficiency. By points one and two, it contends it conclusively established Lubbock County as Orozco's residence and the location of the injury. By point three, it contends it established Orozco's Lubbock County residence by the great weight and preponderance of the evidence. By points five and six T.E.I.A. says the evidence is factually and legally insufficient to support the trial court's implied finding that Orozco resided in Webb County when injured. By its remaining point, T.E.I.A. contends Orozco's pleadings will not support the relief granted. In arguing the point it suggests that, in any event, the suit should be abated instead of transferred because venue is proper in Lubbock County. Initially, we will resolve points five and six.

Venue in a workers' compensation case is controlled by article 8307, § 5, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1984),

which permits any interested party not willing to abide by the Industrial Accident Board's decision to "bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred . . . ." *Id.; see also* Tex.Rev.Civ.Stat.Ann. art. 8307a (Vernon Supp.1984). Originally, under article 8307, § 5,[1] the county where the injury occurred was the only proper forum. *Oilmen's Reciprocal Ass'n v. Franklin*, 116 Tex. 59, 286 S.W. 195, 196–97 (1926). However, in 1977, the Legislature expanded venue by adding a provision permitting suit in the county of the employee's residence. Thus, a workers' compensation case may now be properly filed in either the county of injury or the county of the worker's residence when injured. Inevitably, a race to the courthouse occurs as each party seeks to litigate in what is perceived to be the most favorable forum. To resolve the problems created by the choice of forums, the courts have established various guidelines, summarized as follows:

(1) A suit filed before the final award by the Board is a nullity, subject to dismissal for lack of jurisdiction. *Garcia v. Texas Emp. Ins. Ass'n*, 597 S.W.2d 519, 520 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

(2) After the final award by the Board, a party can file suit in either of the permissible forums, *Texas Employers' Ins. Ass'n v. Jones*, 580 S.W.2d 889, 890 (Tex.Civ.App.—Eastland 1979, no writ).

(3) After the final award by the Board, the first court where suit is filed, if it is a court of competent jurisdiction and one of the permissible forums, acquires the prior right to exercise active jurisdiction over the case and no other court in which a suit is subsequently filed has the right to interfere. *Andrews v. Utica Mut. Ins. Co.*, 647 S.W.2d 22, 25 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd); *Tex. Emp. Ins. Ass'n v. Baeza*, 584

S.W.2d 317, 320 (Tex.Civ.App.—Amarillo 1979, no writ).

(4) If only one suit is filed, and it is in a permissible forum, the other party is not entitled to have the suit transferred to another permissible forum. *Sauceda v. Home Indem. Co.*, 631 S.W.2d 256, 257 (Tex.App.—Eastland 1982, writ dism'd).

(5) Although there is disagreement over the name to give the instrument by which a transfer is sought, *compare Plains Ins. Co. v. Acuna*, 614 S.W.2d 885, 889 (Tex.Civ.App.—Eastland 1981, no writ) (motion to transfer) *with United States Fire Ins. Co. v. Alvarez*, 608 S.W.2d 264, 266 (Tex.Civ.App.—San Antonio 1980, writ dism'd) (plea of privilege), the courts consistently transfer the cause, instead of abating it, if another court has the prior right to exercise active jurisdiction over the cause. *See, e.g., Andrews v. Utica Mut. Ins. Co., supra; Plains Ins. Co. v. Acuna, supra.*[2]

The trial court applied the foregoing principles, to the extent applicable, in resolving the venue issues in this case. It did so on a record that conclusively established Lubbock County as the site of the injury and Webb County as the site where the first suit was filed. Thus, in order to transfer the case to Webb County the trial court necessarily made the implied finding that Orozco was a resident of Webb County when the injury occurred, and the sufficiency of the evidence to support that finding is the determinative issue in this appeal. T.E. I.A.'s contention that the evidence is legally insufficient because Orozco produced no evidence that he resided in Webb County when injured, requires us to examine the record to determine whether there is any probative evidence to support the court's action, ignoring all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The Association's contention that the evidence is factually insufficient to establish Orozco's residence in

---

**1.** 1917 Tex.Gen.Laws, ch. 103, pt. 2, § 5, at 283 (amended 1927, 1931, 1947, 1957, 1977).

**2.** To be consistent with the practice under the recently amended general venue provisions, see

Tex.R.Civ.Pro. 86, the instrument should be entitled "motion to transfer." The trial court treated Orozco's instrument as a motion to transfer in this case.

Webb County when injured requires us to examine the entire record to determine whether there is some probative evidence to support the court's action and whether, considering all of the evidence, the finding is not manifestly unjust. *Garza v. Alviar, supra; In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

■ After reviewing the evidence under the foregoing standards, we are satisfied the trial court did not err. Residence is primarily a matter of present intention, but volition and action are also elements to be considered. *Mills v. Bartlett,* 377 S.W.2d 636, 637 (Tex.1964). Orozco testified that Laredo, which the court judicially knows to be in Webb County, is his home and that he lived there in his stepfather's house. Although he often traveled to other areas to work, including Lubbock County, he considered his stepfather's home as his "home base," and he intended to return to Laredo when he was through working in Lubbock. He also testified that he was born in Laredo, grew up there, registered to vote there, and had a loan with a bank there. By contrast, T.E.I.A. elicited testimony from Orozco indicating that he did not have a house in Laredo, had spent very little time there in recent years, had owned a mobile home in Lubbock County at one time, was living with his wife and children in a rented house in Lubbock County when injured and lived there with his family at the time of the hearing.

■ Thus, the trial court had evidence of Orozco's expressed intent to reside in Webb County, an intent that was to some extent supported and to some extent contradicted by his actions. It was entitled to give more weight to the evidence supportive of a Webb County residence and, by its order, necessarily made an implied finding that Orozco was a resident of that county. *Tieuel v. Southern Pacific Transp. Co.,* 654 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1983, no writ). The foregoing evidence is factually sufficient, and thus

legally sufficient, to support the finding and we cannot disturb it.

Having concluded that the evidence is sufficient to support the trial court's implied finding that Orozco resided in Webb County when injured, we must overrule points five and six. That conclusion necessarily requires us to also overrule points two and three, by which T.E.I.A. says it conclusively or overwhelmingly established Lubbock County as Orozco's residence. Point one, by which T.E.I.A. says it conclusively established Lubbock County as the location of the injury, is overruled as moot.

By point four, T.E.I.A. contends the order transferring the case should be vacated because Orozco did not allege in his plea of privilege that he was a resident of Webb County when he was injured. Instead, employing language commonly used in a plea of privilege, Orozco alleged he was a resident of Webb County "at the institution of such suit and at the time of service of process therein . . . ."

■ We agree that the pleading is defective for failing to allege the statutory venue fact that Orozco was a resident of Webb County when injured. Tex.Rev.Civ. Stat.Ann. art. 8307, § 5 (Vernon Supp. 1984). However, the defect is not fatal. Where a necessary venue fact is not alleged, the opposing party must bring the defect to the attention of the trial court; otherwise, the complaint is waived. Tex.R. Civ.Pro. 90; *Indus. State Bank v. Engineering Service,* 612 S.W.2d 661, 663 (Tex. Civ.App.—Dallas 1981, no writ); *Great Southwest Life Insurance v. Camp,* 464 S.W.2d 702, 704 (Tex.Civ.App.—Fort Worth 1971, no writ).[3]

In this case, although Orozco did not allege a necessary venue fact, T.E.I.A. did not point out the defect to the trial court as required by Rule 90, and did not object to Orozco's evidence of residency in Webb County at the crucial time. Thus, the com-

---

3. The *Camp* case also points out that waiver of a pleading defect does not dispense with the necessity of proving each essential venue fact.

plaint was waived. Point of error four is overruled.

 T.E.I.A. also argues that, because venue was proper in Lubbock County, the case should be abated instead of transferred, even if the court in Webb County has the prior right to exercise active jurisdiction. As discussed earlier, however, our examination of workers' compensation cases indicates that the courts have consistently transferred a later-filed case to the court of prior right, instead of abating the later case. *See, e.g., Andrews v. Utica Mut. Ins. Co., supra; Plains Ins. Co. v. Acuna, supra.* That practice is consistent with the general venue practice, Tex.R.Civ. Pro. 87, and workers' compensation venue practice in a related area. Tex.Rev.Civ. Stat.Ann. art. 8703a (Vernon Supp.1984). Additionally, there is no valid reason to leave the case on the docket of a court that will not be trying the case. Therefore, we conclude that the trial court properly transferred this case to Webb County.

The judgment of the trial court is affirmed.