Lillian A. **RATHER**, Widow of John Taylor Rather, Deceased, Appellant,

v.

**TRAVELERS INSURANCE COMPANY**, Appellee.

No. B14–87–983–CV

Court of Appeals of Texas, Houston (14th Dist.).

March 30, 1989.

Rehearing Denied April 27, 1989.

James R. Jones, Houston, for appellant.

Cynthia Jones, Bruce C. Gaible, Margaret T. Brenner, Houston, for appellee.

Before ROBERTSON, SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the Industrial Accident Board's award in a workers' compensation claim for widow's benefits. After trial, the trial court dismissed the cause of action for want of jurisdiction. We reverse and remand with instructions to enter judgment for the appellant.

Lillian A. Rather (appellant), widow of John Taylor Rather, filed suit in district court to appeal the ruling of the Industrial Accident Board's workers' compensation claim for widow's benefits. Travelers Insurance Company (Appellee) also appealed the ruling by way of a counterclaim and the two causes of action were consolidated. Prior to trial, Appellee filed a motion to dismiss for want of jurisdiction which was denied by the trial court. Trial was to a jury who found for the plaintiff. Prior to entering judgment, the trial court sua sponte set a hearing for reconsideration of Appellee's motion to dismiss for want of jurisdiction. At the conclusion of the hearing, the court determined that it did not have jurisdiction, granted the motion to dismiss and dismissed the lawsuit.

In two points of error, appellant contends the trial court erred by dismissing the lawsuit for want of jurisdiction and finding that appellant had not met the statutory requirements for jurisdiction. Appellant's original petition was against several defendants; however, all except the Appellee herein have settled with the appellant. Appellant dismissed the other defendants from the cause of action and proceeded to trial solely against the appellee.

The single issue in this case is whether appellant's cause of action was timely filed in the district court. The requirements for invoking the jurisdiction of the district court in an appeal from an I.A.B. award, are set out at TEX.REV.CIV.STAT.ANN. art. 8307 § 5 (Vernon 1977), which provides in pertinent part as follows:

... Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall, within twenty (20) days after the rendition of such final ruling and decision by said board, file with said board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred ...

There is no dispute that appellant met the first twenty-day notice requirement. The I.A.B. award was entered on January 3, 1980, appellant sent notice of appeal to the I.A.B. on January 9, 1980 and notice was received by the I.A.B. on January 15, 1980. However, the central issue in this appeal is whether appellant complied with the second twenty-day requirement. Appellant filed the lawsuit in the appropriate district court on February 1, 1980. This was 17 days after notice was received by the I.A.B., but 25 days after appellant deposited the notice in the U.S. mail, certified, return receipt requested.

Appellee contends, and the trial court so held, that appellant should have filed her

lawsuit in the district court within twenty days of *giving notice* to the I.A.B. Appellee maintains appellant *gave notice* on January 9; therefore January 29, 1980, was the last day for filing the lawsuit. Appellee further contends that it is immaterial when the I.A.B. *receives* notice of the award and relies on an opinion from this court which held; "in order to invoke the jurisdiction of the court, it is not necessary for a claimant to ascertain the date on which the notice of nonabidance is received by the board." *Mainolfi v. Liberty Mutual Insurance Company,* 624 S.W.2d 746 (Tex.App.—Houston [14th Dist.] 1981, no writ). We believe appellee's reliance on *Mainolfi* is misplaced.

In *Mainolfi,* the claimant gave notice of appeal and then waited for confirmation of the I.A.B.'s receipt of notice. The negative award by the I.A.B. was entered on December 10, 1979. On December 12, 1979, Mainolfi mailed notice to the I.A.B. of nonabidance with the award. Although notice was received by the I.A.B. on December 13, 1979, Mainolfi did not receive confirmation of the I.A.B.'s receipt of notice until January 7, 1980. Mainolfi filed suit to set aside the negative award on January 4, 1980, twenty-two days after the Board's receipt of notice of appeal. This court affirmed the trial court's dismissal for want of jurisdiction because Mainolfi's lawsuit was filed twenty-two days after the Board's receipt of the notice. Although the language in *Mainolfi* on which Appellee relies is dicta, we do not disagree that "it is not necessary for a claimant to ascertain the date on which the notice of nonabidance is received by the Board" in order to invoke the jurisdiction of the district court. This simply means that the jurisdiction of the district court may be invoked without regard to whether the I.A.B. has confirmed to the claimant the board's receipt of notice of nonabidance. This court in the *Mainolfi* opinion also stated "... had appellant filed the suit on January 2, 1980, and not on January 4, 1980, the court's jurisdiction would have been invoked and the suit would have been filed within the statutory time requirements." 624 S.W.2d at 749. January 2, 1980 was twenty days after

*receipt* by the I.A.B. of Mainolfi's notice of nonabidance. Had the court intended for the twenty day time period to start on the day *notice was sent* to the I.A.B., rather than the date *notice was received* by the I.A.B., this court would have held that the *Mainolfi* lawsuit would have to have been filed by January 1, 1980, in order to invoke the court's jurisdiction and be within the statutory time requirements.

■ Notice of appeal from a I.A.B. ruling is "filed" within the meaning of Article 8307 § 5, when it is presented to the Board. *Tate v. Standard Accident Ins. Co.,* 32 S.W.2d 932 (Tex.Civ.App.—Beaumont 1930, writ ref'd). Furthermore, Rule 41.75 of the rules of the Industrial Accident Board governing workers' compensation claims defines timely filing and provides:

> Forms, reports, and other documents required to be filed before a specified time will be considered timely only if received by the Board ... on the last permissible day of the filing. In other related areas, the Texas Supreme Court has held that an instrument is deemed filed when it is placed in the custody or control of the clerk.

*Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678 (Tex.1979).

Therefore, appellee's contention that notice is given to the Board when it is placed in the mail by the claimant is untenable and is not supported by the law of this state.

■ We hold that so long as a claimant's notice of nonabidance of an award or ruling is received by the I.A.B. within the time limitations for such notice, the claimant shall have twenty days thereafter in which to file an appeal from such ruling or award in the appropriate district court. We further find that appellant's notice to the I.A.B. was timely, her lawsuit in the district court was filed timely and the district court had jurisdiction of this cause of action. Appellant's points of error one and two are sustained.

. The judgment of the trial court is reversed and the trial court is instructed to

enter judgment for the appellant consistent with the jury verdict.