Lorraine **BOLDUC**, Appellant,

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellee.**

No. 01–91–01281–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 15, 1992.

Rehearing Denied Nov. 5, 1992.

Jeffrey P. Plastrik, Houston, for appellant.

Michael Phillips, Janet Giessel Townsley, Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a dismissal of a workers' compensation case for lack of jurisdiction. We reverse and remand.

In her sole point of error, appellant, Lorraine Bolduc, asserts the trial court erred in granting the motion to dismiss for want of jurisdiction filed by appellee, National

Union Fire Insurance Company of Pittsburgh, Pennsylvania (National). On February 4, 1989, Bolduc, a Walmart Stores employee, was injured in the course of her employment. Walmart was insured for workers' compensation by National. Bolduc filed a claim for compensation with the Industrial Accident Board of the State of Texas (IAB), and the IAB made an award on April 24, 1990. Bolduc filed suit to appeal the award.

In 1990, when the suit was filed, appealing an award from the IAB was governed by article 8307, section 5 of the Texas Revised Civil Statutes. The statute provided that:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. *And he shall within twenty (20) days after giving such notice bring suit* in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred. . . .

TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (emphasis added).[1] Notice of appeal from an IAB ruling is "filed" within the meaning of article 8307, section 5 when it is received by the Board, not when mailed by the claimant. *Rather v. Travelers Ins. Co.,* 769 S.W.2d 666, 667 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Tate v. Standard Accident Ins. Co.,* 32 S.W.2d 932, 934 (Tex.Civ.App.—Beaumont 1930, writ ref'd).

The IAB awarded Bolduc her claim on April 24, 1990. According to the statute, she had 20 days to notify the IAB of her intent to appeal. Once the IAB received her notice, Bolduc would have 20 days to file suit. On April 30, 1990, Bolduc mailed the IAB notification of her intent to appeal the award. The Board received the notification on May 7, 1990, within the 20

---

1. Act of June 15, 1977, 65th Leg., R.S., ch. 412, 1977 Tex.Gen.Laws 1113, *repealed* by Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 1, 122. The statute was replaced with TEX.REV.CIV.STAT.ANN. art. 8308–6.61 (Vernon Pamph.1992).

day period prescribed by the statute. Bolduc, however, filed suit on May 4, 1990, four days after she had mailed her notice to the Board, but three days *before* the IAB actually received her notice of intent to appeal. National moved for dismissal for want of jurisdiction on the grounds that Bolduc had prematurely filed suit. The trial court dismissed the suit, agreeing with National's position that by prematurely filing suit, Bolduc had not complied with article 8307, section 5, and therefore the trial court did not acquire jurisdiction.

Texas courts often treat prematurely filed challenges to orders as timely filed. For example, in *Cole v. Texas Employment Comm'n*, 563 S.W.2d 363 (Tex.Civ. App.—Fort Worth 1978, writ dism'd), a premature appeal was filed to the denial of unemployment benefits. The court held that the premature filing of the case by one day did not result in appellant losing his right to appeal; rather, the potential jurisdiction of the trial court in which the appellant prematurely filed his suit became "vested" following the expiration of the appropriate time periods. *Id.* at 367.

Examples of the treatment of premature filings are contained in the Texas Rules of Civil Procedure and Appellate Procedure. Rule 306c provides that a motion for new trial shall not be held ineffective because prematurely filed, rather "every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails". TEX.R.CIV.P. 306c. Rule 58(a) states that "[p]roceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied." TEX.R.APP.P. 58(a).

■ It is a rule of courts to give each litigant every opportunity to be heard upon the merits of the case, and we will not deny such right to any litigant unless compelled to do so. *Allen v. United Supermarkets, Inc.*, 467 S.W.2d 616, 621 (Tex.Civ.App.—

Amarillo 1971, no writ). The object of the rules of procedure is "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants." *Smirl v. Globe Lab.*, 144 Tex. 41, 188 S.W.2d 676, 678 (1945); TEX.R.CIV.P. 1. Where this can be done without doing violence to the rules or injustice to the rights of the parties, it is the duty of the court to do so. *Smirl*, 188 S.W.2d at 678. Similarly, the Texas Supreme Court has specifically said that "[t]he Worker's Compensation Law is to be liberally construed to effectuate the remedies which it grants." *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909, 910 (Tex.1979).

The main case relied on by National is *Garcia v. Texas Employer's Ins. Ass'n.*, 597 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In *Garcia*, a claimant filed suit *four months before the IAB ruled*, and the court held that the trial court properly dismissed the case for want of jurisdiction. *Id.* The court explained that allowing premature filing *before the IAB made an award* would expand the timetable for the race to the courthouse to determine venue. *Id.* The *Garcia* court acknowledged that the supreme court had "recently tempered the mandatory filing requirements in similar cases" (citing *Ward* and other cases), but concluded "to permit such a substantial violation of the jurisdictional filing requirements, as here, is beyond even the most liberal interpretation of the holdings of our supreme court." *Garcia*, 597 S.W.2d at 520.

The present case does not involve a "substantial violation of the jurisdictional filing requirements," as *Garcia* did. Here, the IAB made its award on April 24, 1990, and thereafter, on April 30, 1990, Bolduc timely mailed her notice to the IAB of her intent to appeal. Bolduc attempted to comply with article 8307, section 5 by waiting to file suit until four days after mailing her notification to the IAB.[2]

---

2. We note that it is a common expectation for mail to be received within three days of the date of mailing. For example, TEX.R.CIV.P. 21a provides that "[w]henever a party has the right or is required to do some act within a prescribed period after the service of a notice ... by mail

We hold the premature filing of Bolduc's suit three days before the IAB received Bolduc's notice of appeal did not result in Bolduc's loss of her right to appeal; rather, the potential jurisdiction of the trial court became vested on May 7, 1990, the date the IAB received Bolduc's notice of intent to appeal. Accordingly, we sustain Bolduc's sole point of error.

We reverse the trial court's judgment and remand the case for further proceedings.

... three days shall be added to the prescribed period."
We note further that Article 8308–6.61, which presently governs the filing of an appeal from an order of the IAB, dispenses with the requirement that a claimant notify the IAB before filing suit. Article 8308–6.61 specifies that a claimant must file suit within 40 days after the decision of the IAB, and the claimant must simultaneously file a copy of the petition with the IAB.