Opinion filed October 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00315-CV

                                                    __________

 

                                     KELVIN
E. LOUIS, Appellant

                                                             V.

                 OFFICE OF
TEXAS ATTORNEY GENERAL CRIME

                          VICTIMS’
SERVICES DIVISION, Appellee



 

                                   On
Appeal from the 39th District Court

                                                         Stonewall
County, Texas

                                                       Trial
Court Cause No. 4486



 

                                                                  O
P I N I O N

 

            The
trial court found that Kelvin E. Louis’s petition for judicial review of the
attorney general’s decision to deny his claim as a crime victim was not timely
filed.  It therefore granted the attorney general’s plea to the jurisdiction. 
We affirm.

            After
a known assailant shot him in the stomach with a shotgun, Louis filed a claim
for compensation as a crime victim pursuant to Tex. Code Crim. Proc. Ann. ch. 56, subch. B (Vernon 2006
& Supp. 2010).

            After
a hearing, the attorney general denied Louis’s claim, and on November 24, 2008,
it issued its final decision.  On December 22, 2008, Louis filed a “notice of
dissatisfaction” as provided for in Article 56.48(a).  On December 29, 2008, Louis
filed an amended “notice of dissatisfaction.”  On February 5, 2009, Louis filed
his lawsuit seeking judicial review of the hearing officer’s decision; he filed
an amended petition for judicial review on April 15, 2009.

            The
attorney general filed a plea to the jurisdiction in which it alleged that Louis
filed his lawsuit forty-five days after he filed his first notice of
dissatisfaction and that, under the applicable statute, that was too late. 
Therefore, it argued that the trial court did not have jurisdiction.  The trial
court agreed with the attorney general, granted the plea to the jurisdiction,
and dismissed Louis’s lawsuit.

            In
his appeal from that dismissal, Louis presents us with two issues.  First, he argues
that we should not consider an affidavit that the attorney general offered in
support of its plea to the jurisdiction because it is conclusory.  In his
second issue, Louis maintains that the time limit for filing a suit for
judicial review under Article 56.48(a) should be computed from the time that he
filed his amended notice of dissatisfaction, not from the date that he filed
his first one.  Because we believe that Louis’s second issue is dispositive of
this appeal, we will discuss it first.

            When
the attorney general filed its plea to the jurisdiction, it challenged the
trial court’s subject-matter            jurisdiction.  Without subject-matter
jurisdiction, a court has no authority to hear and determine a case.  Bland
Independent School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The
burden is upon a plaintiff to allege facts that affirmatively establish the
trial court’s subject-matter jurisdiction.  Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We review subject-matter
jurisdiction issues de novo because they are questions of law.  Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004); Tarrant
County v. McQuary, 310 S.W.3d 170, 172 (Tex. App.—Fort Worth 2010, pet.
denied).

            If
the attorney general denies a crime victim’s compensation claim, the claimant
may obtain judicial review of that decision.  Article 56.48(a) provides in
relevant part:

Not
later than the 40th day after the attorney general renders a final decision, a
claimant or victim may file with the attorney general a notice of
dissatisfaction with the decision.  Not later than the 40th day after the
claimant or victim gives notice, the claimant or victim shall bring suit in the
district court having jurisdiction.

 

            The
Texas Administrative Code contains similar language pertaining to these claims:

Not
later than the 40th day after the victim or claimant gives the OAG notice of dissatisfaction
with the OAG’s final decision from the hearing, the victim or claimant has a
right to bring suit in a district court having jurisdiction over the matter.

 

1 Tex. Admin.
Code § 61.904(b) (Office of the
Att’y Gen., Crime Victims’ Compensation).

            The
attorney general’s position is that the 40-day period within which the claimant
is to file his lawsuit starts to run when he files his first notice of
dissatisfaction.  Louis, on the other hand, claims that a claimant may amend
his notice of dissatisfaction as many times as he likes so long as he files the
amended notices within forty days after the attorney general enters a final
decision.  Louis maintains that the 40-day period within which a claimant is to
file his lawsuit does not begin to run until the claimant files his last
amended notice of dissatisfaction.  If the attorney general is correct, then
Louis filed his petition for judicial review late.  If Louis is correct, then
he timely filed his lawsuit for judicial review, and the trial court erred when
it granted the attorney general’s plea to the jurisdiction.

            When
we construe a statute, our primary goal is to ascertain and give effect to the
intent of the legislature.  City of Houston v. Jackson, 192 S.W.3d 764,
770 (Tex. 2006).  Issues of statutory construction begin with an analysis of
the statute.  Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex.
1983).  If the statute is clear and unambiguous, it is inappropriate to employ extrinsic
aids and rules of statutory construction.  Ex parte Roloff, 510 S.W.2d
913, 915 (Tex. 1974).  We are to give the statute its common, everyday
meaning.  Cail, 660 S.W.2d at 815 (citing Banks v. Chicago Grain
Trimmers Assoc., 390 U.S. 459, 465 (1968)).  We also are to construe the
statute based upon what it contains, not upon what it might have contained or upon
what we would have had it to contain.  See City of San Antonio v. Hartman,
201 S.W.3d 667, 673 (Tex. 2006) (court must construe a statute based upon what
it says “not according to what we think it should have said”).

            Louis
argues that, by its use of the words “a notice of dissatisfaction,” the
legislature did not mean that a claimant may file only one notice of
dissatisfaction.  We agree with Louis that Article 56.48(a) does not expressly
prohibit the filing of multiple notices of dissatisfaction.  However, the
statute, by its plain language, does require that a claimant file his lawsuit
for judicial review not later than forty days after he has given his notice of
dissatisfaction.  A claimant gives that notice when he originally files his notice
of dissatisfaction.  Had the legislature intended to provide that the time
within which to file a suit for judicial review was to be computed from the
date of any amended notice of dissatisfaction, it could easily have done that. 
See, e.g., Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex.
1981) (had the legislature intended to place a certain restriction in the
Deceptive Trade Practices Act, it could easily have done so by drafting that
provision into the Act).

            Louis
relies upon Mainolfi v. Liberty Mutual Insurance Co., 624 S.W.2d 746
(Tex. App.— Houston [1st Dist.] 1981, no writ), for the proposition that an
amended notice extends the time for filing suit.  That case is
distinguishable.  Mainolfi dealt with matters involving claims under a now-repealed
workers’ compensation statute.  Under that law, a claimant was required to file
a lawsuit to set aside a decision of the Industrial Accident Board within twenty
days after giving notice that he would not abide by a decision made by the
Board.  The claimant in Mainolfi filed his lawsuit late.  The court in Mainolfi
referred to the appellee’s brief in that case and, in dicta, agreed with assertions
in the brief that there were several things that Mainolfi could have done so
that he would not have been late with his lawsuit, including filing a second
“notice of nonabidance.”  Mainolfi, 624 S.W.2d at 749.  For the reasons behind
our decision in this case, we decline to follow the dicta in that case.

            We
hold that, when a claimant files his initial notice of dissatisfaction, he has
given notice under the statute; the 40-day period within which he must file
suit begins to run at that time.  Here, that would have been December 22,
2008.  Louis filed his lawsuit for judicial review on February 5, 2009.  Because
that is a date more than forty days after Louis had given the attorney general his
initial notice that he was dissatisfied with the decision, he did not timely
file his lawsuit for judicial review.  The trial court did not err when it
granted the attorney general’s plea to the jurisdiction; it correctly dismissed
Louis’s lawsuit.  Louis’s second issue on appeal is overruled.  Because we have
overruled Louis’s second issue on appeal, we do not need to consider his first
issue on appeal.  See Tex. R.
App. P. 47.1.

            We
affirm the judgment of the trial court.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

October 6,
2011

Panel consists of:  Wright,
C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.