**Opinion filed October 6, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00315-CV
_____

### KELVIN E. LOUIS, Appellant
### V.
### OFFICE OF TEXAS ATTORNEY GENERAL CRIME
### VICTIMS' SERVICES DIVISION, Appellee

**On Appeal from the 39th District Court**
**Stonewall County, Texas**
**Trial Court Cause No. 4486**

### O P I N I O N

The trial court found that Kelvin E. Louis's petition for judicial review of the attorney general's decision to deny his claim as a crime victim was not timely filed. It therefore granted the attorney general's plea to the jurisdiction. We affirm.

After a known assailant shot him in the stomach with a shotgun, Louis filed a claim for compensation as a crime victim pursuant to TEX. CODE CRIM. PROC. ANN. ch. 56, subch. B (Vernon 2006 & Supp. 2010).

After a hearing, the attorney general denied Louis's claim, and on November 24, 2008, it issued its final decision. On December 22, 2008, Louis filed a "notice of dissatisfaction" as provided for in Article 56.48(a). On December 29, 2008, Louis filed an amended "notice of dissatisfaction." On February 5, 2009, Louis filed his lawsuit seeking judicial review of the hearing officer's decision; he filed an amended petition for judicial review on April 15, 2009.

The attorney general filed a plea to the jurisdiction in which it alleged that Louis filed his lawsuit forty-five days after he filed his first notice of dissatisfaction and that, under the applicable statute, that was too late. Therefore, it argued that the trial court did not have jurisdiction. The trial court agreed with the attorney general, granted the plea to the jurisdiction, and dismissed Louis's lawsuit.

In his appeal from that dismissal, Louis presents us with two issues. First, he argues that we should not consider an affidavit that the attorney general offered in support of its plea to the jurisdiction because it is conclusory. In his second issue, Louis maintains that the time limit for filing a suit for judicial review under Article 56.48(a) should be computed from the time that he filed his amended notice of dissatisfaction, not from the date that he filed his first one. Because we believe that Louis's second issue is dispositive of this appeal, we will discuss it first.

When the attorney general filed its plea to the jurisdiction, it challenged the trial court's subject-matter jurisdiction. Without subject-matter jurisdiction, a court has no authority to hear and determine a case. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The burden is upon a plaintiff to allege facts that affirmatively establish the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We review subject-matter jurisdiction issues de novo because they are questions of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Tarrant County v. McQuary*, 310 S.W.3d 170, 172 (Tex. App.—Fort Worth 2010, pet. denied).

If the attorney general denies a crime victim's compensation claim, the claimant may obtain judicial review of that decision. Article 56.48(a) provides in relevant part:

> Not later than the 40th day after the attorney general renders a final decision, a claimant or victim may file with the attorney general a notice of dissatisfaction with the decision. Not later than the 40th day after the claimant or victim gives notice, the claimant or victim shall bring suit in the district court having jurisdiction.

The Texas Administrative Code contains similar language pertaining to these claims:

> Not later than the 40th day after the victim or claimant gives the OAG notice of dissatisfaction with the OAG's final decision from the hearing, the victim or claimant has a right to bring suit in a district court having jurisdiction over the matter.

1 TEX. ADMIN. CODE § 61.904(b) (Office of the Att'y Gen., Crime Victims' Compensation).

The attorney general's position is that the 40-day period within which the claimant is to file his lawsuit starts to run when he files his first notice of dissatisfaction. Louis, on the other hand, claims that a claimant may amend his notice of dissatisfaction as many times as he likes so long as he files the amended notices within forty days after the attorney general enters a final decision. Louis maintains that the 40-day period within which a claimant is to file his lawsuit does not begin to run until the claimant files his last amended notice of dissatisfaction. If the attorney general is correct, then Louis filed his petition for judicial review late. If Louis is correct, then he timely filed his lawsuit for judicial review, and the trial court erred when it granted the attorney general's plea to the jurisdiction.

When we construe a statute, our primary goal is to ascertain and give effect to the intent of the legislature. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). Issues of statutory construction begin with an analysis of the statute. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983). If the statute is clear and unambiguous, it is inappropriate to employ extrinsic aids and rules of statutory construction. *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex. 1974). We are to give the statute its common, everyday meaning. *Cail*, 660 S.W.2d at 815 (citing *Banks v. Chicago Grain Trimmers Assoc.*, 390 U.S. 459, 465 (1968)). We also are to construe the statute based upon what it contains, not upon what it might have contained or upon what we would have had it to contain. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006) (court must construe a statute based upon what it says "not according to what we think it should have said").

Louis argues that, by its use of the words "a notice of dissatisfaction," the legislature did not mean that a claimant may file only one notice of dissatisfaction. We agree with Louis that Article 56.48(a) does not expressly prohibit the filing of multiple notices of dissatisfaction. However, the statute, by its plain language, does require that a claimant file his lawsuit for judicial review not later than forty days after he has given his notice of dissatisfaction. A claimant gives that notice when he originally files his notice of dissatisfaction. Had the legislature intended to provide that the time within which to file a suit for judicial review was to be computed from the date of any amended notice of dissatisfaction, it could easily have done that. *See, e.g., Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) (had the legislature intended to place a certain restriction in the Deceptive Trade Practices Act, it could easily have done so by drafting that provision into the Act).

Louis relies upon *Mainolfi v. Liberty Mutual Insurance Co.*, 624 S.W.2d 746 (Tex. App.— Houston [1st Dist.] 1981, no writ), for the proposition that an amended notice extends the time for filing suit. That case is distinguishable. *Mainolfi* dealt with matters involving claims under a now-repealed workers' compensation statute. Under that law, a claimant was required to file a lawsuit to set aside a decision of the Industrial Accident Board within twenty days after giving notice that he would not abide by a decision made by the Board. The claimant in *Mainolfi* filed his lawsuit late. The court in *Mainolfi* referred to the appellee's brief in that case and, in dicta, agreed with assertions in the brief that there were several things that Mainolfi could have done so that he would not have been late with his lawsuit, including filing a second "notice of nonabidance." *Mainolfi*, 624 S.W.2d at 749. For the reasons behind our decision in this case, we decline to follow the dicta in that case.

We hold that, when a claimant files his initial notice of dissatisfaction, he has given notice under the statute; the 40-day period within which he must file suit begins to run at that time. Here, that would have been December 22, 2008. Louis filed his lawsuit for judicial review on February 5, 2009. Because that is a date more than forty days after Louis had given the attorney general his initial notice that he was dissatisfied with the decision, he did not timely file his lawsuit for judicial review. The trial court did not err when it granted the attorney general's plea to the jurisdiction; it correctly dismissed Louis's lawsuit. Louis's second issue on appeal is overruled. Because we have overruled Louis's second issue on appeal, we do not need to consider his first issue on appeal. *See* TEX. R. APP. P. 47.1.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


October 6, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

4